### CANNADAY et al. v. MARTIN et al.
#### No. 4170.

Court of Civil Appeals of Texas. Amarillo. Feb. 19, 1934.

Rehearing Denied March 19, 1934.

Ayres & Ayres, of Floydada, and Joiner & Cook, of Plainview, for appellants.

A. J. Folley, of Floydada, and Bernard Martin and W. E. Fitzgerald, both of Wichita Falls, for appellees.

JACKSON, Justice.

This suit was instituted in the district court of Floyd county by appellees to recover damages claimed to have been sustained by them on account of the alleged breach by appellants of two written contracts, one for the sale of certain lots, the other for the erection of certain buildings, asserted by appellees to have been made and executed at the same time and to constitute but one contract. A copy of each of said contracts they attach to their petition as a part thereof.

They alleged that on July 9, 1928, appellants owned lots 13, 14, 15, and 16 in block 85 in the town of Floydada, and on said date they purchased lots 14, 15, and 16 for a cash consideration of $10,000, as shown by the sales contract. On the same day they entered into the building contract by the terms of which they employed appellants to erect on lots 14, 15, and 16 a certain building. The lots were conveyed, the consideration paid, the building completed by appellants according to contract and accepted by appellees on February 3, 1929, since which day they have conducted their mercantile business therein. That the west wall of appellees' building was to be and is on the common line of lot 14 and lot 13, and the cost of such party wall was to be paid one-half by appellants and one-half

by appellees, and such stipulations of the contract were performed. That the building contract also provides that appellants "agreed themselves to build a brick building on lot 13 in block 85 within ninety days from time they complete building for" appellees on lots 14, 15, and 16. That under this provision appellants were obligated to erect a brick building on lot 13 within 90 days from February 3, 1929, the date on which appellees' building was completed. That the written contract is incomplete as it does not set out in detail the kind of the building to be erected on lot 13, but prior to and at the time such written contract was executed, appellants orally agreed to erect on lot 13 a modern 1-story brick business house, 25 feet in width and 100 feet in length, "to be used and occupied as a mercantile establishment and business."

That the reasonable market value of lots 14, 15, and 16, with the building completed thereon, on May 4, 1929, would have been $35,000 had appellants complied with their agreement and erected the building on lot 13, but without such building the reasonable market value of appellees' said lots and building was $27,500.

Other measures of damages were alleged, but the above measure is the one submitted by the court to the jury.

Appellants answered by general demurrer, numerous special exceptions, general denial, and specially denied that any oral agreement was made as to the nature of the building they were to construct on lot 13. They pleaded, however, if there was any oral agreement, it was that they should erect a building on their said lot 13 suitable for and adapted to the requirements of any tenant, only when such tenant might be found, and that they had been unable to find a tenant for such prospective building.

On the answers of the jury to the special issues submitted, judgment was rendered that appellees have and recover $4,546, with interest from June 10, 1933, at the rate of 6 per cent. per annum, together with their costs.

The appellants challenge as erroneous special issue No. 4 as submitted by the court, because such issue as written assumes that the jury would answer special issue No. 3 in the affirmative, and constituted an invasion of the province of the jury.

Special issues Nos. 3 and 4 appeared in the charge as follows:

### Special Issue No. 3.

"Do you find from a preponderance of the evidence that at the time defendants entered into the written contract described in plaintiffs' petition, defendants agreed with plaintiffs that the building mentioned in said written contract which defendants were to build on lot 13 in block No. 85, would be a one-story brick building, 25 feet by 100 feet in dimensions?"

### Special Issue No. 4.

"Do you find from a preponderance of the evidence that if the defendants had completed the construction of said brick building on lot No. 13 in block No. 85, on or about May 4, 1929, that the same would have increased the reasonable market value of plaintiffs' building and lots on which it is located on said date?"

Both of these issues were answered affirmatively.

■■ The only evidence as to the dimensions of the building to be erected on lot 13 was given by J. G. Martin, who testified that under the oral agreement such building was to be a 1-story brick building, 25 feet in width and 100 feet in length. The appellants testified, in effect, that the only oral agreement had was to the effect that the building to be erected on lot 13 was to be suitable to a tenant if one should be found who would occupy such building as a grocery, dry goods or drug store, as appellees stipulated that no garage, produce house, or filling station should be constructed on said lot. That there was no oral agreement as to the dimensions of said building and no building was to be erected until a tenant should be found, and, since none had been found, the building had not been erected. Whether the dimensions were agreed upon and, if so, what the dimensions were, presented controverted issues. It was incumbent on appellees to prove the oral contract substantially as they alleged. These were issues of fact the "appellant was entitled to have passed on by the jury without any suggestion or intimation or assumption from the court." City of Amarillo v. Rust (Tex. Civ. App.) 45 S.W.(2d) 285, 288. It is obvious, we think, that the language in special issue No. 4, "said brick building on lot No. 13 in Block No. 85," refers to the building described in issue No. 3 as "a one-story brick building 25 feet by 100 feet in dimensions." This

was an assumption by the court that the jury would answer issue No. 3 in the affirmative. The fact that the court submitted to the jury in issue No. 3 whether the oral agreement was to erect a 1-story brick building 25 by 100 feet would not correct this error, since he assumed in issue No. 4 an affirmative answer to issue No. 3. Texas Power & Light Co. v. Culwell (Tex. Com. App.) 34 S.W.(2d) 820; Chicago, R. I. & G. R. Co. v. Bernnard (Tex. Civ. App.) 290 S. W. 292, 295, and authorities cited; Gordon et ux. v. McIntosh et ux. (Tex. Civ. App.) 54 S.W.(2d) 177. This assignment is sustained.

It is unnecessary to discuss the other assignments, as they do not, in our opinion, under the record present reversible error.

■ In view of another trial, we call attention to the following principles: "The general rule is that in an action upon a contract, evidence is admissible in defendant's behalf under a general denial to show another and different contract to the one declared upon by plaintiff, and that, in any event, plaintiff was not entitled to recover." Amarillo Oil Co. v. Ranch Creek Oil & Gas Co. (Tex. Civ. App.) 271 S. W. 145, 151, and authorities cited.

See, also, Winn v. Gilmer, 81 Tex. 345, 16 S. W. 1058.

■ It is settled that the defendant is entitled to an affirmative submission of his defenses where the proof tends to sustain them. Dallas Ry. & Terminal Co. v. Garrison (Tex. Com. App.) 45 S.W.(2d) 185.

The written contract provided that the building to be erected on lot 13 by appellants should be constructed within 90 days from the date the building on appellees' lots was completed. This time limit could have been waived, 10 Tex. Jur. 428, § 246, but the issue of waiver was not pleaded and is not before us for consideration.

The appellees are not entitled to recover for any depreciation in the value of their property due to depressed financial conditions. City of Waco v. Craven (Tex. Civ. App.) 54 S.W.(2d) 883. However, appellants do not object to the measure of damages or the manner of the submission thereof. Under the record, the issue of whether the two contracts should be construed as one is immaterial.

The judgment is reversed, and the cause remanded.