**SERVICE MUT. INS. CO. OF TEXAS v. WHITE et al.**

**No. 10972.**

Court of Civil Appeals of Texas. Galveston.

Feb. 29, 1940.

Rehearing Denied March 28, 1940.

Scott & Wilson and W. E. Cureton, all of Waco, for appellant.

Johnson & Oliphant, of Dallas, for appellee.

CODY, Justice.

This is a workmen's compensation case, and has been advanced for submission here under rule of our court. Appellee was in-

jured while working on forms in which concrete was to be poured; he was a bridge carpenter. On findings of the jury, judgment for total and permanent incapacity was rendered in favor of appellee and a lump sum compensation awarded him.

Reversal is sought because of admission of certain evidence; because of the court's refusal to give a peremptory instruction in appellant's favor; because the court defined the term "preponderance of the evidence"; because the court submitted certain issues; because the court refused to submit certain issues; because of appellee's argument to the jury; and because of the jury's conduct.

■ Dr. W. T. Wade was permitted to testify, over appellant's objection that his evidence was hearsay and not the best evidence, that he examined appellee under instructions he received from the Industrial Accident Board through the mail. No doubt a letter is the best evidence of its contents, but a case will not be reversed for a mere abstract error in the admission of hearsay evidence. We are unable to see how the admission of such evidence could have injured appellant, nor has appellant attempted to enlighten us on this point. The assignment is without merit, and is accordingly overruled.

■ Appellant earnestly insists that it was entitled to a peremptory instruction on the ground that appellee had failed to discharge the burden of proof resting on a claimant under subsection 3 of Section 1, Art. 8309, R.S.1925, by negativing Subsections 1 and 2 of said Section 1. It is well settled that the burden is upon the claimant to show that it is impracticable to compute the average weekly wage under either Subsections 1 or 2 before Subsection 3 of Section 1 of said Article 8309, R.S. 1925, can be resorted to. American Employers' Insurance Co. v. Singleton, Tex. Com.App., 24 S.W.2d 26. Appellee testified that he had not worked as many as 300 days during the year immediately preceding August 25, 1937, the date his injury occurred. That he worked every day that the Government would allow him to work, which was four and five days per week, with occasionally a day's overtime, and that he had had a job all the time. The Honorable Hays Bowers, Judge of the County Court of Burleson County, testified that nobody worked on bridge building as many as 300 days between August 25, 1936, and August 25, 1937. H. T. Fitzgerald testified that he had not worked anyone for as much as 300 days during such period.

Now, to qualify under Subsection 1 of Section 1 of Article 8309, the injured employee shall have worked in the employment in which he was working at the time of the injury substantially the whole of the year, and his annual average wage shall be 300 times the average daily salary which he shall have earned. Vid. American Employers' Ins. Co. v. Singleton, supra. So it is quite clear that appellee's evidence would support a jury finding that he had not worked in the employment in which he was working at the time he was injured substantially the whole of the year before the injury.

■ Under Subsection 2 of the act referred to it is provided that, if the injured employee shall not have worked in the same employment during substantially the whole of the year next preceding the injury, his average annual wages shall consist of 300 times the average daily wage or salary which an employee of the same class working substantially the whole of the preceding year in the same or similar employment in the same or in a neighboring place shall have earned, etc. While it may be conceded that there was no direct and positive evidence to the effect that there were no employees of the same class who worked substantially the whole of the preceding year in the same or similar employment in the same or a neighboring place, such a fact could not, in its very nature, be readily established positively. It seldom occurs that the negative of any point can be positively established. See Traders & General Ins. Co. v. Crouch, Tex.Civ.App., 113 S.W.2d 650, 653; American Surety Co. v. Underwood, Tex.Civ. App., 74 S.W.2d 551, 553. Appellee offered evidence from which it could be inferred that no employee of his class either worked, or would have been permitted by the Government to have worked 300 days preceding the date of his injury. Appellant could have offered controverting evidence. It is clear to us that it was not error to refuse to instruct a verdict against appellee on the grounds urged in appellant's assignment of error, and the assignment is overruled.

■ Appellant objected to the admission of testimony by Mr. Fitzgerald that the rate of pay for carpenters from August, 1936, to August, 1937, was 75 cents per hour, but not on the ground that the wit-

ness was not qualified to give such evidence. And in connection with such objection, appellant re-urges here that claimant had failed to show that there were not other employees in the same or similar employment working in the same or neighboring places who had not worked substantially the whole of the year next preceding the date of appellee's injuries—though the objection urged at the trial was that such testimony was immaterial, irrelevant and that no proper predicate had been laid therefor. As we have heretofore ruled, there was sufficient evidence before the jury from which it could be inferred that it was impracticable to compute the average weekly wage under either Subsections 1 or 2. This assignment therefore is overruled.

Appellant complains, not that the court incorrectly defined "preponderance of the evidence", but that it defined the term at all, because the term was not a legal one, but one of ordinary meaning. If it be conceded that the court, in points of abstract law, made a fault, we are unable to see, and appellant does not tell us, how this could form the basis for reversing the trial court's judgment in this cause.

Appellant contends that it was reversible error to submit the issue as to the number of weeks of total incapacity suffered by claimant, conditioned on the jury's answer in response to a prior issue that such incapacity was temporary; and that appellant (the Insurance Company) was entitled to an unconditional submission of the issue as to the number of weeks of total incapacity suffered by claimant. The issue complained of, being Special Issue No. 5, reads: "From a preponderance of the evidence, how many weeks, if any, of total incapacity, if any you have found in answer to special issue No. 2, do you find that Will White sustained, by reason of the injuries suffered by him on August 25, 1937?" This was preceded by the following instruction: "If you have answered special issue No. 4, 'Such incapacity was temporary', then you will answer special issue No. 5, otherwise do not answer special issue No. 5."

The jury were asked, and found in response to special issue No. 2, that the injury naturally resulted in total incapacity of Will White. The jury were asked, and found in response to special issue No. 3, that the total incapacity was permanent;

and were asked, and found in response to special issue No. 4, that such total incapacity was not temporary. The defense that the incapacity was temporary was submitted by special issue No. 4. We overrule the assignment as being without merit. The issue as to the incapacity being temporary was unconditionally submitted.

Appellant objected to the special issue: "What amount of money, if any, do you find from a preponderance of the evidence to be just and fair to both parties to be fixed as the average weekly wage of Will White?" The jury answered: "$25.00 per week". This special issue is a submission to the jury of the standard fixed by Subsection 3 of Art. 8309; and appellant's objection is the same objection, in different form, that appellee did not introduce evidence, which, if believed, would support the finding that Subsections 1 and 2 had been negatived; for the reasons already given, it is overruled.

We are unable from appellant's presentment of its proposition No. 7 to determine if it has merit; and as appellant does not refer to authority in support of such proposition, we are unable to gather from cited authority the force of such presentment. What we have said with reference to appellant's presentment of its proposition No. 7 applies equally with reference to its presentment of proposition No. 8.

Appellant requested, and the court refused, and the appellant assigns error for the refusal, to give the following special issue: "Do you find from a preponderance of the evidence, if any, that after the total incapacity, if any, on the part of Will White ceases to exist, if it will cease to exist, that the said Will White will have any partial incapacity?"

Appellant introduced evidence, being doctors' opinions, to the effect that appellee's broken neck had healed, and that the only incapacity he was suffering from at the time of the trial was stiffness of the neck which had resulted from wearing a brace, and that this would disappear in two or three months time if appellee would cease wearing the brace. It seems to us that the gist of such evidence, if believed, would establish that the incapacity was temporary. And this point was covered by special issue No. 4, hereinabove referred to. Texas Employers' Ins. Ass'n v. Galloway, Tex.Civ.App., 40 S.W.2d 973, 975.

We have considered the assignment relative to improper argument to the jury. The jury can be depended upon to bear in mind that an advocate of one of the parties is not summing up with the impartiality of a judge. The argument complained of was legitimate advocacy.

The trial court has ruled against the appellant's contention of misconduct of the jury. If it can be said that there was some evidence of the alleged misconduct, it can also be said that there was ample evidence to sustain the court's action thereon.

We have concluded that no reversible error occurred in the trial of this cause, and that the judgment of the trial court should in all things be affirmed. It will accordingly be so ordered.

Affirmed.