TEXAS EMPLOYERS INSURANCE ASSOCIATION V.
THOMAS MCKAY.

No. A-1513. Decided March 31, 1948.
Rehearing overruled May 5, 1948.
(210 S. W., 2d Series, 147.)

570

*Underwood, Wilson, Sutton, Hearne & Boyce* and *R. A. Wilson,* all of Amarillo, for petitioner.

*Merchant & Jordan* and *Jno. H. Merchant,* all of Amarillo, for respondent.

MR. JUSTICE GARWOOD delivered the opinion of the Court.

This is a workmen's compensation case. The employee, McKay, respondent here, sued insurer Association, petitioner here, and was successful in both the trial court and Court of Civil Appeals. 205 S. W. (2d) 833. In this opinion we use the trial court designation of the parties. The injury asserted was

a burning of plaintiff's hands by caustic fluid from a pump of his employer, Shamrock Oil & Gas Corporation. The pump was used for handling the caustic, and plaintiff, who was a mechanic's helper, came in contact with it while repairing the pump. While the caustic pumps with which plaintiff worked evidently dripped the fluid more or less constantly, there was no evidence that plaintiff's hands ever came in direct contact with it prior to July 20, 1945, at which time plaintiff testified that he got his hands wet with caustic, that shortly thereafter they began to sting and burn and red spots appeared on them; that this condition continued and developed despite applications of water and then vinegar at the time and other treatment thereafter until it eventually forced plaintiff to quit his job on January 28, 1946. It appears that some years before his employment with Shamrock Oil & Gas Corporation and while engaged in a different type of work, plaintiff had suffered from a skin disturbance on his hands diagnosed as allergic in character, and a principal defense in the instant case was that his disability arose from occupational disease rather than accidental injury. The facts were submitted to a jury, there being a separate group of issues as to each hand and a total of some twenty issues, all of which were answered in plaintiff's favor.

■ Defendant's principal complaint in this court is with respect to Special Issue No. 19, which reads as follows:

"Do you find from a preponderance of the evidence, that any incapacity or loss of use of plaintiff's hands, if any, is due solely to disease that is not traceable to the injury sustained by him on July 20, 1945? Answer: 'It is' or 'It is not'."

Defendant says that this issue, by its unconditional reference to an injury, improperly assured affirmative answers to Special Issue No. 1(a) and Special Issue No. 10(a) which enquired if plaintiff sustained such injury.

Speaking generally, the practice thus complained of has been condemned by the decisions in this state including Chicago, R. I. & G. Ry. Co. v. Hammond, 286 S. W. 483; Cannaday v. Martin, 69 S. W. (2d) 434, error dismissed; and Gordon v. McIntosh, 54 S. W. (2d) 177, cited by defendant. The Court of Civil Appeals avoided defendant's contention by holding that the evidence as a matter of law established accidental injury and thereby rendered harmless the vice in Special Issue No. 19. We find it unnecessary to review that holding, since we are satisfied from the very terms of the charge itself, considered as a whole, that the error in Special Issue No. 19 was not one which

"* * * was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case * * *." Rule 434 T. R. C. P. In fact, viewing the charge as a whole, we think it an unreasonable and quite unlikely conclusion that the jury was mislead by Special Issue No. 19.

The rule evidenced by the above cited cases, while salutary and well established, is itself based upon a presumtpion,—that the jurors, despite being asked by the judge to determine for themselves whether a fact is so or not, will, because of the offending issue, infer that the same judge thinks his own question a mere formality. Such being the case, it is only common sense, in determining whether the offending issue was prejudicial, to consider its probable effect on the minds of the jury in the light of the charge as a whole. Russell v. Great American Indemnity Co., 127 Texas 458, 94 S. W. (2d) 409. The above mentioned decisions cited by defendant do not block this line of approach.

Now, considering the charge as a whole, we note: first, rather elaborate preliminary admonition to the jury that it shall answer the issues upon the general instructions and the evidence and not otherwise; second, full definitions by the court by which the jury is to be guided in its determination of the issue of injury and the other issues submitted; third, Special Issue No. 1(a) enquiring whether claimant sustained injury to his right hand; fourth, Special Issue No. 10(a), enquiring whether claimant sustained injury to his left hand; fifth, the impressive fact that the words, "injury, *if any*," (underscoring ours) occur no less than fourteen separate times in twelve separate issues subsequent to No. 1(a) and prior to the offending Issue No. 19. These words, "injury, if any," occur seven times between No. 1(a) and No. 10(a) and seven times between No. 10(a) and the offending No. 19. In other words the trial judge painstakingly followed "injury" with "if any" fourteen times before he got to Special Issue No. 19. Sixth, in that issue the question of injury vel non is at most rather remotely suggested. Texas Emp. Ins. Ass'n v. Clack, 112 S. W. (2d) 526, 529, affirmed, 134 Texas 151, 132 S. W. (2d) 399; 18 T. L. R. 365, 374.

Under these circumstances to say that Special Issue No. 19 might have mislead the jury into thinking it was expected to answer Special issue 1(a) and 10(a) in the affirmative is to attribute to the jurors a mentality considerably different from that of the average man .Even assuming they would ignore the

precautionary general instructions or construe the latter as permitting them to seek out in a question near the end of the charge an indirect suggestion to answer Nos. 1(a) and 10(a) in a certain way instead of according to the evidence, they could hardly ignore the phrase, "injury, if any," occuring in so many issues preceding Special Issue No. 19. While our conclusion is based on the charge as a whole and does not assign a quantum of weight to any one feature, including the repetition of "injury, if any," the latter does obviously emphasize and reemphasize the undetermined status of the injury question as opposed to the contrary inference attributed by defendant to Special Issue No. 19.

Chicago, R. I. & G. Ry. Co. v. Hammond, supra, and the other above mentioned decisions cited by defendant all clearly involve charges substantially different from and much less unlikely to mislead than the charge in the instant case.

■ Defendant's Points Three and Four of its Application for the writ complain of the following definitions in the charge:

"By the term 'accidental injury', as used in this charge, is meant an undesigned, unforseen, or unexpected occurrence or mishap, causing damage or harm to the physical structure of the body and such diseases or infection as naturally result therefrom and which can be traced to a definite time, place and cause.

\* \* \* \* \*

■ "You are instructed that 'an occupational disease' is defined as one which is acquired in the usual and ordinary course of an employment and which from common experience is recognized to be incidental thereto; it is the usual and ordinary result incident to the pursuit of an occupation and must, in the nature of things, be slow and gradual in development."

Defendant apparently does not and could not deny that both of the above definitions considered apart from the facts of this particular case, are amply supported by the authorities. As to the definition of "accidental injury," see Barron v. Texas Employers' Ins. Ass'n, 36 S. W. (2d) 464, Com. App.; Texas Employers' Ins. Ass'n v. Hitt, 125 S. W. (2d) 323; Casualty Underwriters v. Flores, 125 S. W. (2d) 371, writ dismissed, correct judgment; Fed. Underwriters Exch. v. Price, 145 S. W. (2d) 951, writ dismissed, correct judgment. As to the definition of "occupational disease," see Barron v. Texas Employers' Ins.

Ass'n, supra. But defendant contends that, under this particular record, including the testimony relating to the sensitivity of plaintiff's skin and the possibility of his thus having a rapid type of occupational disease, the instructions, in distinguishing accidental injury from occupational disease, should have made reference to claimant's alleged sensitivity and should not have described occupational disease as necessarily "slow and gradual in development."

■ In support of the above contentions, defendant relies heavily on American Surety Co. of New York v. Ritchie, 182 S. W. (2d) 501, writ refused, want of merit. That case does hold in effect, and we think correctly, that an occupational disease may in some instances be rapid and that accordingly the "slow and gradual development" test of our established definition is not of universal application. But this holding is immaterial to the present case, because the other requirements of the definition, that the disease shall be "one which from common experience is recognized to be incidental" to type of employment in question and "is the usual and ordinary result incident to the pursuit of" such occupational find no support whatever in the evidence. That plaintiff may have once suffered from some allegric disturbance several years before his employment with Shamrock Oil & Gas Corporation and on the particular occasion involved in this suit suddenly found his hands to be burning after contact with the caustic is not enough to make an issue of occupational disease. On the contrary, defendant's own theory of the case, as evidenced by the testimony of its expert, and only witness, (S. F. pages 117-118), seems to have been that plaintiff's disability antedated his employment with Shamrock Oil & Gas Corporation. The error, if any, in the definitions given by the court was therefore harmless and we accordingly overrule defendant's Points Three and Four.

The other points raised by defendant in its application for the writ having been, in our opinion, properly disposed of by the Court of Civil Appeals, that judgment of that court is affirmed.

Opinion delivered March 31, 1948.

Rehearing overruled May 5, 1948.