ROBINSON v. TEXAS EMPLOYERS' INS. ASS'N.

No. 3029.

Court of Civil Appeals of Texas.

Eastland.

July 17, 1953.

Rehearing Denied Oct. 2, 1953.

218

Bob Huff, Lubbock, Kent Wagonseller, Lamesa, for appellant.

McMahon, Springer, Smart & Walter, Abilene, for appellee.

COLLINGS, Justice.

This suit was brought by Lee Robinson against Texas Employers' Insurance Association to set aside an award of the Industrial Accident Board and to recover benefits under the Workmen's Compensation Act, Vernon's Ann.Civ.St. art. 8306 et seq., for injuries alleged to have been sustained by plaintiff in the course of his employment as an employee of Gulf Coast Pipe Coating Corporation. It was found by the jury that Robinson had sustained the injuries alleged and as a result thereof, had suffered total incapacity to labor for a period of 280 weeks. The jury further found the sum of $65 to be just and fair both to plaintiff and defendant as the average weekly wage of plaintiff under section 1, Subdivision 3 of Article 8309, Texas Revised Civil Statutes. The company filed a motion for judgment non obstante veredicto and urged that there was no evidence, or that the evidence was insufficient to support a finding by the jury of a weekly average wage rate of plaintiff Robinson in any amount; that plaintiff had failed to discharge his burden to establish his wage rate under either Subdivisions 1 or 2 of section 1, Article 8309, supra, or to excuse himself from computing his wage rate under Subdivision 1 or 2, and that he was, therefore, not authorized to recover under Subdivision 3 of the statute; that since plaintiff had filed no remittitur, the court should not enter any judgment against defendant but should declare a mistrial, and prayed in the alternative that no judment be entered against defendant for more than the minimum wage rate provided by the statute, to-wit: $9 per week for 280 weeks. Upon a hearing of the motion, the court found that Robinson had failed to establish that it was impracticable to compute his average weekly wage under subsection 2 of the statute and was, therefore, not entitled to have his wage rate comput-

ed under Subsection 3, and that the jury's finding under Subsection 3 should be disregarded. Based upon such findings the court proceeded to enter judgment in favor of appellant Lee Robinson for compensation at the minimum rate provided by the statute, to-wit: $9 per week for a period of 280 weeks, including a total of 68 weeks upon which payment had accrued prior to the date of judgment. Robinson has appealed.

Subsections 1, 2 and 3 of Section 1, Article 8309, Texas Revised Civil Statutes, authorize the manner and method of fixing the average weekly wages of an employee under the Workmen's Compensation Act as follows:

" 'Average weekly wages' shall mean:

"1. If the injured employe shall have worked in the employment in which he was working at the time of the injury, whether for the same employer or not, substantially the whole of the year immediately preceding the injury, his average annual wages shall consist of three hundred times the average daily wage or salary which he shall have earned in such employment during the days when so employed.

"2. If the injured employe shall not have worked in such employment during substantially the whole of the year, his average annual wages shall consist of three hundred times the average daily wage or salary which an employe of the same class working substantially the whole of such immediately preceding year in the same or in a similar employment in the same or a neighboring place, shall have earned in such employment during the days when so employed.

"3. When by reason of the shortness of the time of the employment of the employe, or other employe engaged in the same class of work in the manner and for the length of time specified in the above subsections 1 and 2, or other good and sufficient reasons it is impracticable to compute the average weekly wages as above defined, it shall be computed by the board in any manner which may seem just and fair to both parties."

The jury found in answer to special issue 13 that Robinson had not worked substantially the whole of a year prior to the alleged injury in the same or similar employment. The evidence supports this finding. Special Issue No. 14 which inquired as to the average weekly wage earned by plaintiff during such period was conditioned upon an affirmative answer to Issue No. 13 and was not answered. In answer to Special Issue No. 15 the jury found that no other employee of the same class as plaintiff had worked substantially the whole of the year immediately preceding plaintiff's injury in the same or similar employment and in the same or neighboring place, and Issue No. 16 which was conditioned upon an affirmative answer to Issue No. 15 was not answered. In answer to Special Issue No. 17 the jury found the amount of $65 to be the average weekly wage of plaintiff which was fair to both plaintiff and defendant.

Appellant urges that the court erred in rendering judgment non obstante veredicto for the minimum wage provided by the statute because there was sufficient evidence to show that he was entitled to have his average weekly wage computed under Subsection 3 of Article 8309, supra; that the evidence was sufficient to show that it was impracticable to compute his average weekly wages under Subsection 1 or under Subsection 2 and that the average weekly wage of $65 as found by the jury was supported by the evidence.

Appellant attempted to show that his wage rate could not be computed under Subdivision 2 of the statute by establishing that no other employee of the same class had worked substantially the whole of the year immediately prior to his injury in the same or similar employment, and in the same or neighboring locality and to thereby justify a resort to Subdivision 3 for computation of his wage rate. No other fact issue was presented to the jury as a basis for resorting to Subdivision 3, nor is any

other fact here urged as such basis. The jury answered the issue submitted on the question favorable to appellant but the court, in effect, held such finding to be unsupported by the evidence. The finding of the court was "that the plaintiff failed to establish by legal and competent evidence that it was impracticable to compute his average weekly wage under Subsection 2 of Article 8309." This finding is the basis of the court's judgment non obstante veredicto and in our opinion it is not subject to the complaint urged by appellant.

■ The trial court correctly held that the evidence did not support the jury finding that no other employee of the same class as plaintiff had worked substantially the whole of the year immediately preceding plaintiff's injury in the same or similar employment in the same or neighboring place as provided in Subdivision 2 of the statute. There was no evidence that there was not such an employee. On the contrary, plaintiff himself testified and named three persons who had worked as much as a year prior to his injury in the same type of work in which he was engaged. This testimony is not contradicted. Although there was no evidence concerning the average weekly wage earned by such employees, there was no showing that such wages could not have been ascertained, or why for any reason it would have been impracticable to compute plaintiff's wage rate on the basis of the wages earned by one or more of such employees. It it well settled that a compensation claimant must show that his average weekly wage cannot be computed under either Subdivision 1 or 2 of the statute before he can resort to Subdivision 3 which provides for computation of his wage rate on a basis just and fair to both claimant and employer. Plaintiff did not make such proof concerning Subdivision 2. American Employers' Ins. Co. v. Singleton, Tex.Com.App., 24 S.W.2d 26; Texas Employers' Ins. Ass'n v. Neely, Tex.Civ.App., 189 S.W.2d 626; Texas Employers' Ins. Ass'n v. Lightfoot, Tex.Civ.App., 158 S.W. 2d 321, modified by the Supreme Court, 139 Tex. 304, 162 S.W.2d 929; Texas Employ-

ers' Ins. Ass'n v. Warren, Tex.Civ.App., 149 S.W.2d 182; Texas Employers' Ins. Ass'n v. Schaffer, Tex.Civ.App., 161 S.W.2d 328 (Writ Ref.); Texas Employers' Ins. Ass'n v. McKay, Tex.Civ.App., 205 S.W.2d 833; Southern Underwriters v. Wheeler, 132 Tex. 350, 123 S.W.2d 340 (Com.); Texas Employers' Ins. Ass'n v. Roberts, 135 Tex. 123, 139 S.W.2d 80 (Com.).

Appellant's contention, as we understand, is that the evidence supports the jury finding that no other employee of the same class as plaintiff had worked substantially the whole of the year preceding plaintiff's injury, in that, the evidence, according to his contention, shows that the type of work in which plaintiff was then engaged was of a temporary nature and that the personnel changed almost daily and for that reason it would be most difficult to find an employee who had worked in such employment for substantially the whole of a year. This contention is contrary to the testimony of plaintiff to the effect that three named persons had worked as much as a year in the same type of work that he was engaged in and for the same employer. In addition, we are of the opinion that the testimony relied upon by appellant does not have the effect contended by him. The testimony in question is that of Mike Tapia, foreman of defendant, who testified that appellant was a common laborer and further testified as follows:

"Q. All right, who was assigned to work out there on those pipes with Lee Robinson that day, Mike? A. Well, I don't—I couldn't give you the names, you know what I mean, off-hand, I don't think I would find it in the records because due to the character of the employees that gang changed in personnel almost daily.

"Q. In other words— A. In other words, I had to shift the hands around.

"Q. And, you had to do quite a bit of shifting, and when you got too many on one job you would pull them off on another job to help them out if you got behind over there, is that right, Mike? A. Well, I used my personnel to the best advantage.

"Q. And, on or about September the 9th, 10th, or 11th, you don't know for sure, do you, whether or not there was anybody down there on those pipes with Lee? A. Well, due to the practice, I would say that there was."

It is apparent that the witness was simply stating that it was impossible from his records to name the persons who were working on the same gang with the plaintiff on that day because the personnel of that particular gang changed almost daily. This testimony is not subject to the interpretation that the personnel of the entire plant changed almost daily and, therefore, indicative of the fact that there was no other employee of the same class as plaintiff who was a common laborer, who had worked there as much as a year prior to his injury.

 Since the evidence does not support the jury finding that there was no employee of the same class as plaintiff who had worked substantially the whole of the year immediately preceding plaintiff's injury in the same or similar employment in the same or neighboring locality, the court did not err in so holding and in refusing to enter judgment based upon such finding.

The judgment of the trial court is affirmed.