TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellant,

v.

Nowlin HAMMOND, Appellee.

No. 6414.

Court of Civil Appeals of Texas.

Amarillo.

May 24, 1954.

504

Underwood, Wilson, Sutton, Heare & Boyce, Amarillo, for appellant.

W. O. Slattery, Borger, for appellee.

PITTS, Chief Justice.

This is a compensation case filed by appellee, Nowlin Hammond, against appellant, Texas Employers' Insurance Association, for compensation as a result of an alleged injury sustained by appellee on or about December 12, 1951, while he was employed by Phillips Chemical Company. The case was tried to a jury upon special issues submitted and as a result of its verdict the trial court rendered judgment for appellee for compensation at the rate of $12.78 per week for a period of 200 consecutive weeks, aggregating $2,556, less a credit of $125 previously paid to appellee by appellant at the rate of $25 per week for five consecutive weeks.

Appellee sought damages in the sum of $10,025 by reason of alleged injuries to his left arm, his eyes, his right ear and his back but as a result of the jury verdict, his damages awarded were limited to a 25% loss of the use of his left arm for the period of time already stated. In answer to Special Issue No. 13 the jury found that appellee worked substantially the whole of the year immediately preceding his injury and that his wage rate for such time was $17.04 per day; in answer to Special Issue No. 14 it found that another employee of the same class worked substantially the whole of the year immediately preceding the injury of appellee in the same or similar employment, in the same or a neighboring place and that the wage rate of such employee was $17.04 per day; and in answer to Special Issue No. 15 it found that $85.20 was a just and fair average weekly wage rate for appellee.

Appellant perfected an appeal predicated upon eight points of error. It has challenged the jury findings upon which an attempt was made to fix appellee's average weekly wage rate on the grounds of no evidence or insufficient evidence at least to support such findings. Therefore, we shall examine the manner in which appellee's average weekly wage rate was sought to be established and the testimony offered in support thereof.

Subdivisions 1, 2 and 3 of Section 1 of Article 8309, Vernon's Ann.Civil Stat-

utes, furnish the rules by which the average weekly wage rate may be established in a compensation case. Subdivision 1 provides for the average weekly wage to be ascertained from the average weekly wage of the employee for a year next preceding the date of the injury, provided he has worked substantially the full year. By Subdivision 2 such wage rate may be established or computed upon the basis of the average weekly wage of another person who worked at the same or similar employment in that or a neighboring place for substantially all of the preceding year, provided the employee himself did not work at the same or similar employment for substantially the whole of the preceding year. If under conditions as provided for in Subdivisions 1 and 2, the wage rate cannot be established, then the same may be computed "in any manner which may seem just and fair to both parties" as provided for in Subdivision 3. However, it is an elementary rule of law that the burden of proof rests upon the employee to establish his average weekly wage rate by one of the three means provided for in the foregoing Subdivisions and that in the order named. That is, he must show that such cannot be computed under the provisions of the first Subdivision before he can resort to the second Subdivision; then, if such cannot be computed by the provisions of either Subdivision 1 or 2, he may resort to the provisions of Subdivision 3. Texas Employers' Ins. Ass'n v. Locke, Tex.Civ. App., 224 S.W.2d 755.

It appears from the record here that appellee probably sought to rely upon all three of the Subdivisions of Section 1 of Article 8309 or upon any one of them without relying upon them in their order and without showing the wage rate could not be computed by the previous Subdivision or Subdivisions before reporting to the next one. The testimony relied upon by appellee to establish his average weekly wage rate is given below in question and answer form by appellee himself:

"Q. From the year prior to December the 12th, 1951, which is the date of the injury, was your pay the same then as it was on the date of the injury? A. You mean up to now?

"Q. No. I mean a year before you were injured, was your injury * * * was your rate of pay the same as it was on the date of injury? A. Well, I guess it was. Just about.

"Q. On the date of the injury how much did you get a day? A. I think we was getting 2.29, I believe it was. Close to 2.30, anyway. (per hour)

"Q. Well, did that amount to about $17.04 a day? A. Yes, sir.

"Q. And was that about * * * and how many days a week did you work? A. Worked five days a week.

"Q. And did that amount to $85.24 a week? A. Yes, sir.

"Q. And were you getting the same salary a year before that? A. Well, I can't * * * I just couldn't say for sure, but I believe it was * *. * I believe it was about the same. I don't * * * '

"Q. And, if you were not getting it, there were other employees in the same, or like, work that was getting that much, is that right? A. Yes, sir.

"Q. And that is for the year prior to that date of accident, is that right? A. Yes, sir.

"Q. And how long have you been drawing that hourly rate? A. Well, not too long. I guess about two months, I imagine.

"Q. What did you call your job before the accident, Mr. Hammond? A. Pipe fitter.

"Q. What do you call your job since the accident? A. Pipe fitter.

"Q. Then, so far as your employment by Phillips is concerned, are you on the same job now that you were on before the accident? A. Yeah; it is the same kind of work."

■■ Such is all the evidence found in the record to support the answers of the jury to Special Issues Nos. 13, 14 and 15 to the effect that appellee, according to a preponderance of the evidence, worked for his employer "substantially the whole of the year immediately preceding the injury", that another person of the same class, according to the preponderance of the evidence, "worked substantially the whole of the year immediately preceding the injury in the same or similar employment, in the same or a neighboring place", and that, according to a preponderance of the evidence, $85.20 per week was a just and fair average weekly wage rate for appellee. As shown by the cited testimony appellee could not be positive what his wage rate was for the immediate past year. He thought it was $2.29 or $2.30 per hour or $17.04 per day but he could not be positive that such was the rate for all the previous year. He did testify, in effect, that there were other employees engaged in the same or similar work at the same wage rate but he did not testify definitely when they worked or how long they worked, and their wage rate for the previous year was not positively established by him. Appellee further testified that he worked five days each week. Then the evidence conclusively reveals that at such rate he worked no more than 260 days during the year previous to the injury, which period of time has been held not to be "substantially the whole of the year". Texas Employers' Ins. Ass'n v. Ebers, Tex.Civ.App., 134 S.W.2d 797, 799. It has been held that employment for 278 days during the preceding year in such a case does not constitute substantially a whole year. Industrial Lloyds v. Denum, Tex. Civ.App., 160 S.W.2d 966. In the case of Texas Employers' Ins. Ass'n v. McKay, Tex.Civ.App., 205 S.W.2d 833, 837, affirmed 146 Tex. 569, 210 S.W.2d 147, this court held that:

"It has likewise been judicially determined that the term 'substantially the whole of the year' as used in compensation cases means substantially 300 days of labor."

Such rule was also announced in Traders & General Ins. Co. v. Bulis, 129 Tex. 362, 104 S.W.2d 488, and in Petroleum Casualty Co. v. Williams, Tex.Com.App., 15 S.W.2d 553. The said rule applies to Subdivisions 1 and 2 both in Section 1 of Article 8309. Under the evidence presented and the previous authorities cited, appellee failed to meet the requirements of either Subdivision 1 or 2 by offering competent evidence to establish that either he or a neighboring worker had worked substantially a year immediately prior to the injury. At most appellee had worked no more than 260 days which is not substantially a year, and there is no definite evidence even tending to show how long a neighboring worker had worked during a previous year. Under the authorities previously cited, appellee had the burden of showing by competent evidence that his wage rate could not be computed under Subdivision 1 before he could resort to the provisions of Subdivision 2 and then he must have shown that such rate could not be computed by Subdivision 1 or 2 before he could resort to the provisions of Subdivision 3. This he failed to do, and he likewise failed to legally establish any wage rate with reasonable certainty, even when the evidence is considered in a light most favorable to his contentions. Appellant's points of error charging insufficiency of the evidence to establish appellee's wage rate must be sustained, for which reason this case must be reversed notwithstanding jury findings favorable to appellee's contentions made concerning the issues in question. Texas Employers' Ins. Ass'n v. Neely, Tex.Civ.App., 189 S.W.2d 626; Texas Employers Ins. Ass'n v. Schaffer, Tex.Civ.App., 161 S.W.2d 328; Traders & General Ins. Co. v. Milliken, Tex.Civ.App., 110 S.W.2d 108; Southern Underwriters v. Gariepy, Tex.Civ.App., 105 S.W.2d 760; American Employers' Ins. Co. v. Singleton, Tex.Com.App., 24 S.W.2d 26; Robinson v. Texas Employers' Ins. Ass'n, Tex.Civ.App., 261 S.W.2d 217.

■ Appellant further contends that the jury verdict cannot support a judgment based upon a specific injury to appellee's

left arm because there is no finding with respect to the degree and duration of any loss of the use of appellee's arm. ·Such contention is not well founded since the jury found that appellee's left arm was 25% partially incapacitated and the duration of such is permanent. The trial court's judgment is based upon such findings, together with a portion of Section 12 of Article 8306.

For the reasons stated the judgment of the trial court is reversed and the cause is remanded.