TEXAS EMPLOYERS' INSURANCE. ASSOCIATION, Appellant,

v.

Clyde BARTLETT, Appellee.

No. 5478.

Court of Civil Appeals of Texas.

El Paso.

Nov. 8, 1961.

Rehearing Denied Dec. 6, 1961.

McDonald, Shafer & Gilliland, Odessa, for appellant.

Warren Burnett and Al Taylor, Odessa, for appellee.

FRASER, Justice.

This is a compensation case wherein the jury returned a verdict for the plaintiff for total and permanent disability, to be paid in a lump sum, upon which verdict the court returned its judgment; and the appeal, accordingly, is before us for disposition.

We will take up appellant's points in the order in which they were presented and briefed by both parties.

Appellant's first point is that the trial court committed error in refusing to admit into the record copies of verified records of various criminal convictions of the plaintiff. We do not believe that the court committed any error in excluding the copies which were tendered, and further feel that if error there was, it was not of such stature as might reasonably be calculated to cause the rendition of an improper judgment. Appellant argues, of course, that the actual photostats or verified copies of the various judgments of conviction, et cetera, would be more impressive to the jury in that they were offered for the purpose of impeachment, and leans heavily upon the statement that plaintiff's case depends on plaintiff's testimony. However, it must be noted that witness · Littlefield was with plaintiff on the day he was injured, and saw the accident; that his employer, J. E. McCain, talked to him the day of the injury; and, after listening to his complaint, sent him to a doctor. Further, three doctors testified for plaintiff—one, Dr. Leigh, stating that he had treated plaintiff for a back injury on 69 different occasions, and further that plaintiff had back, nerve and nerve root damage. Plaintiff's wife and neighbor also testified as to his condition after the injury, and another neighbor testified that he had given plaintiff medication to stop pain. In view of the fact that plaintiff produced an eye witness to his fall, supplemented by the other witness, McCain (his employer), and the medical testimony of the three doctors, his wife, and his neighbor, it does not seem clear that plaintiff's case rested, in its entirety, on his testimony. Impeachment, of course, is a very valuable right, but we do not think it has been here violated. Appellant relies heavily on Texas Employers' Insurance Association v. Curry, Tex.Civ.App., 290 S.W.2d 767 (n.r.e.) by this court. However, in that case there was a very distinct variance between the testimony of the plaintiff and the contents of the records, the testimony in its variance, of course, being highly favorable to the plaintiff. In the case before us, the plaintiff

appears to have testified frankly and his statements appear to be substantially in accordance with the tendered records. He was examined and cross-examined about his criminal background, and we do not see any substantial variance in his testimony and the contents of the records such as to require that such records be produced in order to refute his testimony. We have examined these records, and our impression is that in view of the plaintiff's testimony, there would have been little harm in admitting them, and even less harm in excluding them. They describe some of his offenses as "car theft", "jumping bail", "simple burglary", and a violation of the United States Penal Code (by number). He admitted all of these matters and was subjected to cross-examination. We therefore overrule this point, as we cannot see where the exclusion of the records constitutes reversible error. Kansas City, M. & O. Ry. Co. of Texas v. Foster, Tex.Civ.App., 38 S.W.2d 391.

■ Appellant's second point complains of the court's action in entering an award that the compensation be paid in a lump sum. This matter has been adjudicated to be largely discretionary with the trial court. Texas Employers' Ins. Ass'n v. Cooper, Tex.Civ.App., 194 S.W.2d 819 (n.r.e.). We believe there was sufficient evidence to justify the court's discretionary action in awarding a lump sum judgment. The plaintiff testified that he had no independent income and had no pension "or anything like that." He testified that he had borrowed money from relatives and from his lawyer. He testified that he could not hold down a job, and had had to borrow medicine from a neighbor. He and his wife testified that she had had to go to work and was still working. As was said by our Commission of Appeals, in the case styled Consolidated Underwriters v. Saxon, 265 S.W. 143, 146, "the lump sum is discounted and only its present value is paid when a lump sum is allowed. Hence no hardship is worked on the insurance company or as-

sociation by such a settlement. Its only [proper] contention justly to be made would be that a proper discount had not been made." Therefore, we do not find merit in appellant's second point, and it is accordingly overruled.

Appellant's third point complains of a remark by the trial judge, and assigns error in the failure of the trial court to grant a mistrial because of such remark. We have examined the record and, finding no error in this incident, overrule same without further discussion or elucidation, as it is clear that the trial judge was merely making a non-controversial grammatical suggestion.

■ Appellant's fourth point complains of the court's action in failing to submit an issue to the jury with reference to Wage Rate Method No. 1. It will be well to bear in mind that plaintiff's injury occurred in 1958. We believe the rule to be that where there occurs no controversy during the trial, only slight evidence is necessary to be produced by the plaintiff to negative Method No. 1, thereby justifying the submission of issues as to Methods 2 and 3. In this case the plaintiff testified that he had worked only a month or so for his employer before the injury; that, prior to that time, he had worked as a carpenter or carpenter's helper in Arkansas. It is true that this is uncorroborated testimony of a party to the suit, but the employer or subscriber himself testified that he didn't believe anybody had or would have been employed in the past twelve months for 300 days as an operator of heavy equipment, and further testified that the plaintiff had worked for him only 30 or 35 days before the alleged accident. This is not a case where complaint is made of the court's action in disregarding jury findings, but is based on the court's failure or refusal to submit an issue with reference to Method No. 1. We believe that the plaintiff here has enough evidence in the record to warrant the court in declining to

submit an issue as to Method No. 1 of the Wage Rate. Traders & General Ins. Co. v. Jenkins, Tex.Civ.App., 144 S.W.2d 350 (no wr. hist.); Texas Employers' Ins. Ass'n. v. McKay, Tex.Civ.App., 205 S.W. 2d 833, (aff'd. 146 Tex. 569, 210 S.W.2d 147); National Indemnity Underwriters v. Blevins, Tex.Civ.App., 129 S.W.2d 734. This point is therefore overruled.

Appellant's points all having been overruled, the decision of the trial court is affirmed.