**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellant,**

v.

**Mary E. PERCELL, Appellee.**

**No. 9080.**

Court of Civil Appeals of Texas, Amarillo.

Jan. 16, 1980.

Rehearing Denied Feb. 13, 1980.

Underwood, Wilson, Sutton, Berry, Stein & Johnson, R. A. Wilson, Amarillo, for appellant.

Donald Conley, Amarillo, for appellee.

REYNOLDS, Chief Justice.

Texas Employers' Insurance Association appeals from a judgment decreeing that Mary E. Percell recover benefits for total and permanent incapacity. By assuming the fact of Mrs. Percell's injury in some special issues to which T.E.I.A. objected, the court's jury charge constituted an impermissible comment on the weight of the evidence. Reversed and remanded.

Mrs. Percell sought workers' compensation benefits for an injury sustained on 9 July 1977 during the course of her employment. The parties agree that, under this record, the questions of her injury and the nature and duration thereof were fact issues for the jury's determination.

The charge submitted to the jury included these special issues, which were answered as indicated, in the following form:

1. Did Mary Percell receive an injury on or about July 9, 1977? (Answer "Yes" or "No.")  **Yes**

   If she did, answer No. 2.

2. Was the injury a producing cause of any total incapacity? (Answer "Yes" or "No.")  **Yes**

   If it was, answer Nos. 2A and No. 2B.

   2A. Find the beginning date of total incapacity. (By stating month, day, and year.)  **July 9, 1977**

   2B. Find the duration of total incapacity. (By answering "Permanent" or by stating the number of weeks.)  **Permanent**

3. Was the injury a producing cause of any partial incapacity? (Answer "Yes" or "No.")  **No**

   If it was, answer Nos. 3A, No. 3B, and No. 3C.

   *    *    *    *    *

5. Was the injury of July 9, 1977, a producing cause of any total loss of use of the left leg? (Answer "Yes" or "No.")  **Yes**

   If it was, answer Nos. 5A, and No. 5B.

   5A. Find the beginning date of total loss of use. (By stating month, day, and year.)  **July 9, 1977**

   5B. Find the duration of total loss of use. (By answering "Permanent" or by stating the number of weeks.)  **Permanent**

6. Was the injury a producing cause of any partial loss of use of the left leg? (Answer "Yes" or "No.")  **No**

   If it was, answer No. 6A, No. 6B, and No. 6C.

   *    *    *    *    *

7. Was the injury of July 9, 1977, a producing cause of any total loss of use of the right arm? (Answer "Yes" or "No.")  **Yes**

   If it was, answer No. 7A and No. 7B.

**184**

| 7A. | Find the beginning date of total loss of use. (By stating month, day, and year.) | July 9, 1977 |
|---|---|---|
| 7B. | Find the duration of total loss of use. (By answering "Permanent" or by stating the number of weeks.) | Permanent |
| 8. | Was the injury a producing cause of any partial loss of use of the right arm? (Answer "Yes" or "No.") | No |

If it was, answer No. 8A, No. 8B, and No. 8C.

\*　　\*　　\*　　\*　　\*

Unavailing in the trial court were T.E.I. A.'s timely objections to special issues 3, 5, 6, 7 and 8 for each "being on the weight of the evidence in that it assumes or suggests to the Jury the fact of injury." The matter is presented for appellate review by the first five of T.E.I.A.'s eleven points of error.

For more than a century and a quarter in Texas, the trial court has been prohibited from directly commenting on the weight of the evidence in the jury charge. 3 R. McDonald, *Texas Civil Practice* § 12.-03.2 (1970). The prohibition currently is expressed in the Texas Rules of Civil Procedure, Rule 277, in these words: "The court shall not in its charge comment directly on the weight of the evidence . . . ." A prohibited comment occurs when a special issue is so worded that it indicates an opinion by the trial court as to the verity of the fact inquired about. *Metal Structures Corp. v. Plains Textiles, Inc.*, 470 S.W.2d 93, 102 (Tex.Civ.App.—Amarillo 1971, writ ref'd n. r. e.).

Given these criteria, the threshold query is: do the objected-to issues indicate an opinion by the court of the verity of Mrs. Percell's injury? If so, it is a prohibited comment, the gravity of which must be explored in light of the charge as a whole. *Texas Employers Ins. Ass'n v. McKay*, 146 Tex. 569, 210 S.W.2d 147, 149 (1948).

Evidently, the charge on review was modeled after the "short form" compensation charge appearing in 2 State Bar of Texas, *Texas Pattern Jury Charges* (1970), at pp. 8–10. There, the pattern jury charge, as well as the preface, manifests that all issues which follow the disputed issue of injury are dependent on a finding of injury and are to be so conditionally submitted. Here, special issues 3, 5, 6, 7 and 8 likewise were dependent on a finding of injury in response to the first issue, but none of them was so conditionally submitted. By submitting these issues unconditionally, the court assumed an affirmative finding of injury, thereby directly commenting on the weight of the evidence, a practice condemned by the decisions in this state, *Texas Employers Ins. Ass'n v. McKay, supra*, at 149, expressly forbidden by Rule 277, and held to constitute reversible error. *Gordon v. McIntosh*, 54 S.W.2d 177, 179 (Tex.Civ.App.—Amarillo 1932, no writ).

Contrary to Mrs. Percell's perception, the positioning of the inquiry whether she received an injury as the first issue neither cures the vice of assuming an injury in the subsequent issues, *Texas & N. O. R. Co. v. East*, 74 S.W.2d 1052, 1054 (Tex.Civ.App.—Beaumont 1934, no writ), nor renders the error harmless. *Gordon v. McIntosh, supra*, at 179. T.E.I.A. was entitled to have all of the issues passed on by the jury without any suggestion from or assumption by the court of an injury. *Cannaday v. Martin*, 69 S.W.2d 434, 436 (Tex.Civ.App.—Amarillo 1934, writ dism'd). The fact that the court did assume an injury became exaggerated when, as shown by the charge as a whole, the impermissible comment was emphasized and reemphasized in the five special issues to which the pertinent objections were made.

T.E.I.A.'s first five points of error are sustained. The sustention eliminates a discussion of the remaining points.

The judgment of the trial court is reversed and the cause is remanded.