## Carl Construction Company v. Bain.

(Decided November 7, 1930.)

WILLIAM J. DEUPREE for appellant.

S. W. ADAMS for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Affirming.

Appellant was engaged in the erection of the foundation walls of a large building in Covington, and appellee was a carpenter in its service. In the construction of the foundation, trenches were excavated about 8 feet deep, 6 feet wide, and 6 feet long, within which were constructed wooden forms for the pouring of concrete. To prevent the dirt from falling in from the front or the rear of the trench, two timbers were set up at each end 2x10 inches, and these were securely braced to hold them in position. A space of about 2 feet was left between the timbers. At the order of the foreman, appellee went down in the trench to construct the concrete forms, and, while he was there, the earth between the timbers caved in from the west end of the trench; that is, the end farthest from the street. A fellow workman saw the earth starting, and hollered "Look out." Appellee jumped to get away from the earth, and struck his cheek bones against one of the timbers in the trench, breaking his cheek bone. This resulted in facial paralysis. He was covered by the earth, which struck him about the shoulders; he was rendered unconscious, and did not resume consciousness

until he was taken out of the trench. He brought this suit to recover for his injuries, which were serious and painful, alleging, in substance, that the defendant had failed to use ordinary care to furnish him a safe place to work, and also that its foreman had directed him to go in the trench and work there, assuring him that it was safe, when he knew or by ordinary care should have known that it was not reasonably safe. The issues were made up; on the trial of the case, the jury found a verdict for the plaintiff in the sum of $756. The defendant appeals.

It is insisted on the appeal that the court should have instructed the jury peremptorily to find for the defendant under the evidence, and that the instructions given were erroneus. The plaintiff testified on the trial that water had been seeping through the down spout from the roof, and was causing the earth at this end of the ditch to crumble away, and, before going in, he asked the foreman to brace it up to be safe so as to keep the dirt from falling in on him. The foreman said: ''It is not necessary, you want too much of it. You want to cut up too much of my material, all uncalled for. It won't fall in on you.'' On cross-examination, he was asked when this conversation with the foreman occurred, and he said he did not remember. He was asked whether it occurred that day or some previous day, and he said he did not remember. But on his re-examination he said it occurred just before he was hurt, and on his recross-examination this occurred: ''Q. You could see the earth dripping away? A. No, sir, just a seepage in the bottom. Q. Do you remember what time this Thursday you went to Mr. Carl with that request? A. Just before I got hurt.'' While his answers on the original cross-examination are inconsistent with his testimony in chief, and also with his testimony on re-examination, this went to his credibility as a witness. The jury saw and heard the witness, and much that may have influenced the form of his answers may not appear in the transcript of evidence here. The evidence was sufficient to take the case to the jury and to warrant the instruction of the court, which followed that approved by this court in Owensboro v. Gabbart, 135 Ky. 346, 122 S. W. 178, 25 Am. St. Rep. 462, 21 Ann. Cas. 705. The testimony of the plaintiff as to the condition of things is supported by other witnesses, who say that the soil at this place was blue clay, mixed with slimy sand, subject to sliding, and that the ground on this side was soft, ''just like dough, just felt like

that.'' If this testimony was true, bracing that might be sufficient at other places might not be reasonably sufficient here, for the bracing should be adapted to the condition of the earth. More bracing would be required to hold soft earth like this than at other places where it was not so soft. The case was therefore properly submitted to the jury. The instructions of the court were in the usual form, and have often been approved.

Judgment affirmed.