## SOUTHERN UNDERWRITERS et al. v. STONE.

### No. 14124.

Court of Civil Appeals of Texas. Fort Worth.

Oct. 18, 1940.

Simpson, Dorenfield & Fullingim, of Amarillo, and Will R. Saunders and Henry D. Akin, both of Dallas, for appellants.

Gillen, Francis & Gallagher, of Dallas, for appellee.

BROWN, Justice.

This is a workmen's compensation case, brought here by the insurance carrier, in which only three assignments of error are presented. The situation is so unusual that we are constrained to make special mention of such a record.

The claimant and appellee, Bernie M. Stone, in his petition alleged that he was holding to a cable while working for C. W. Burgess, on an oil well, when the slack in the cable was suddenly taken up and he was hurled backwards about twelve feet and his back struck against the end of what is known as a cap sill, and he sustained injuries to his muscles, ligaments, bones and attachments in plaintiff's back and pelvis, that he sustained a sprain of the lumbo-sacral joint, and a crushing fracture of the upper part of the fifth lumbar vertebra and fractures of the right transverse processes of the second, third, fourth and fifth lumbar vertebrae, and fractures of the first and third lumbar vertebrae, and the cartilage between the lumbar vertebrae in the lower back were torn, bruised, injured and damaged, and that by reason of such injuries he has suffered total and permanent disability, for which he prayed the maximum recovery in a lump sum settlement.

The cause was submitted to a jury on special issues, and on the verdict returned

by the jury, judgment was rendered for the claimant, covering total and permanent disability, and the amount was ordered to be paid in a lump sum.

The cause was appealed to the Court of Civil Appeals for the Texarkana District, and was, by the Supreme Court, transferred to this court.

■ The first assignment of error contends that the trial court should not have submitted Issue No. 1 to the jury in the manner same was submitted, over appellants' objections.

Issue No. 1 is: "Do you find from a preponderance of the evidence that on the 13th day of May, 1938, the plaintiff, Bernie M. Stone, sustained injuries when he was thrown against a cap sill while working for C. W. Burgess?"

The objection that this issue leaves the jury free to speculate and conjecture upon the kind and type of injuries, if any, which the plaintiff is alleged to have received at the time and that it does not restrict the jury to the pleadings and the testimony, is, in our opinion, well taken.

The objections made are full, complete and specific, and were overruled.

Because of the many injuries pleaded and the great amount of testimony adduced concerning them, it seems evident to us that there are a number of specific injuries alleged, as distinguished from results of injuries, and that the issue should not have been given in such broad language.

Among the many Courts of Civil Appeals cases cited by appellant is that of Southern Underwriters v. West, 126 S.W. 2d 510 (San Antonio Court), and a writ of error was refused in such case. In the opinion, a number of cases are cited that also appear in appellants' brief.

In the case of Southern Underwriters v. Boswell, 141 S.W.2d 442, we attempted to find a distinction between the case under consideration and the rule as laid down in such cases as Federal Underwriters Exchange v. Arnold, Tex.Civ.App., 127 S.W. 2d 972 (in which the Supreme Court dismissed the application for a writ of error with the notation: "Correct judgment"), but the Supreme Court granted a writ in the Boswell case and the Texas Syllabi advises us that such writ was granted on the first, seventh, eighth and ninth assignments of error.

The ninth charges that we erred in holding that it was not reversible error for the trial court to submit Special Issue No. 1, over the objection that such issue is too general, indefinite and speculative and is not confined to the proof and the pleadings.

In view of the action of the Supreme Court on application for a writ of error in the Boswell case, and the action of such court in the Arnold case (also decided by us), we are not led to believe that the writ was granted in the Boswell case for the purpose of handing down an opinion at variance with the several decisions of Courts of Civil Appeals wherein such general issues as were given in such cases and in the case at bar have been condemned.

The first assignment of error is sustained.

■ The third proposition asserts that the trial court erred in submitting Special Issue No. 5 in the form given because it erroneously places the burden of proof upon the defendant.

The issue is: "Do you find from a preponderance of the evidence that said total incapacity to labor, if any, is temporary?"

This issue as given required the defendant to establish, by a preponderance of the evidence, that the total incapacity of the claimant was temporary, when it was the duty of the plaintiff, under his pleadings and the view of his case taken by him, to establish by a preponderance of the evidence that such disability was not temporary.

We are inclined to the opinion that the plaintiff having pleaded and sought to establish by his evidence that his disability is both total and permanent, the issue should have been so framed as to place the burden of proof upon the plaintiff to establish the fact that his disability is not merely temporary.

The reasoning in Texas Fire & Casualty Underwriters v. Blair, Tex.Civ.App., 130 S.W.2d 409, writ dismissed, correct judgment, seems to sustain our view.

We cite, also, Hartford Accident & Indemnity Co. v. Leigh, Tex.Civ.App., 57 S. W.2d 605.

We are inclined to sustain the third assignment of error.

■■ The second assignment of error complains of language used by plaintiff's counsel in his final argument to the jury.

It is certain that the language used should not have been employed and counsel evidently saw "the error of his way", as the record shows that, when the de-

fendant objected to the argument, counsel attempted to withdraw it from the jury and told the jury not to consider it. But the record does not show that the trial court sustained the objection made, or that the trial court instructed the jury not to consider the argument.

As little as some may think it so, the average juror gives great weight to what is "said" by a trial judge in the trial of a cause.

That is the very evident reason why the trial judge may not comment upon the weight to be given to any testimony or evidence, either orally or through the charge.

If there were no other error in this record requiring a reversal of the judgment, we would not reverse for the language used by counsel, under the facts in this case.

For the reasons given, the judgment is reversed and the cause remanded.