## TEXAS EMPLOYERS' INS. ASS'N v. MOYER.

### No. 2845.

Court of Civil Appeals of Texas. Eastland.
Jan. 12, 1951.

Rehearing Denied Feb. 9, 1951.

McMahon, Springer & Smart, Abilene, for appellant.

John T. Gano, Dallas, for appellee.

LONG, Justice.

This is a Workmen's Compensation case brought by W. L. Moyer against Texas Employers' Insurance Association seeking to recover benefits for an injury alleged to have been sustained on or about July 20, 1949, while he was working within the course of his employment for Montex Drilling Company in Scurry County. Plaintiff alleged that as a result of said injury he was totally and permanently incapacitated and prayed for recovery for such total and permanent incapacity. Defendant, by way of special defense alleged that if plaintiff sustained any injury same resulted in partial disability and in addition to denying any permanent disability alleged that if plaintiff sustained any disability at all, same was temporary and not permanent. Based upon jury findings, the court entered a judgment that plaintiff recover Workmen's Compensation benefit for total and permanent disability. From this judgment, defendant has appealed.

By its first point defendant contends the court erred in overruling its exceptions and objections to special issue No. 8 of the court's charge. Special issue No. 8 was as follows: "Do you find from a preponderance of the evidence that such total incapacity, if any, was or is permanent or temporary? Answer either 'Permanent' or 'Temporary.'"

Defendant excepted to special issue No. 8 as follows:

"Defendant specially excepts to Special Issue No. 8 for the reason that same is a conditional submission of the affirmative defense of temporary incapacity as distinguished from permanent incapacity; as submitted, this issue results in a conditional submission by the Court of the defense affirmatively plead by said issue of temporary incapacity as distinguished from permanent incapacity. This defendant will show that it has plead as a defense against permanent incapacity, the issue of temporary incapacity and the evidence raises the issue of temporary incapacity and this defendant says that the only proper method of submission of the issue of permanent incapacity as distinguished from temporary incapacity is to make inquiry of the jury with respect to whether or not the total incapacity, if any, of the plaintiff is not temporary and in that connection this defendant submits in connection therewith Special Requested Issue No. 1, embodying the subject matter of said issue.

"Defendant further objects and excepts to Special Issue No. 8 for the reason that the jury is nowhere instructed in any portion of the Charge, with respect to the burden of proof being upon the plaintiff to show by a preponderance of the evidence that the total incapacity, if any, is not temporary; in order for the jury to pass upon the nature of such total incapacity the jury must find as a preliminary thereto that such total incapacity, if any, is not temporary and it never could be authorized just to choose between the words, permanent and temporary, in answering said issue since that method of submission, at least in part, places the burden of proof upon the defendant to show that the total incapacity, if any, is temporary. This is an improper submission of such issue."

It will be observed that the exception is based upon two grounds, the first being that the issue No. 8 is a conditional submission of defendant's affirmative defense of temporary incapacity and second, the jury was not instructed that burden of proof was on plaintiff to prove by a preponderance of the evidence that plaintiff's total incapacity is not temporary.

It is true, as contended by defendant, plaintiff did sue only for total and permanent incapacity and did not plead in the alternative for either partial or temporary incapacity. However, allegations of total and permanent disability will authorize

a recovery for a lesser incapacity both as to the extent and duration. Texas Employers' Insurance Association v. Drayton, Tex. Civ.App., 173 S.W.2d 782; Texas Employers' Association v. Mallard, Tex.Civ.App., 192 S.W.2d 302, 303.

 The method employed by the trial court in submitting disjunctively in the same question whether the incapacity sustained by plaintiff was permanent or temporary has the approval of our courts and Texas Rules of Civil Procedure. Rule 277, R.C.P. provides that special issues may be submitted disjunctively and separately provided that if it be deemed advisable the court may submit disjunctively in the same question two inconsistent issues where it is apparent from the evidence that one or the other of the conditions of facts inquired about necessarily exists. For example, the court may, in a Workmen's Compensation case submit in one question whether the injured employee was permanently or temporarily disabled. See Southern Underwriters v. Schoolcraft, 138 Tex. 323, 158 S.W.2d 991; Employers' Reinsurance Corporation v. Brantley, Tex.Civ.App., 173 S.W.2d 233. The court did not give a separate instruction with reference to the burden of proof as to this issue. Clearly, the burden by the form of the issue is placed upon plaintiff to establish by a preponderance of the evidence that his injuries were permanent. Assuming, without deciding, that the burden of proof was improperly placed upon defendant with reference to whether or not the incapacity was temporary, such error, if any, was rendered harmless because the court submitted unconditionally at the request of defendant the following special issue: "Special Issue No. 24. Do you find from a preponderance of the evidence that the total incapacity, if any, sustained by the plaintiff, is not temporary? Answer 'Not Temporary' of 'Temporary.'"

 This issue placed the burden squarely upon plaintiff to establish by a preponderance of the evidence that his incapacity was not temporary. It was submitted unconditionally and the answer thereto did not hinge upon any other issue submitted by the court. Evidently, the court in so submitting issue 24 was attempting to correct the charge in the particulars so complained of by defendant. We are of the opinion that, when the charge is construed as a whole, defendant's defense was adequately submitted and that no injury is shown. See Texas Power & Light Co. v. Hering, Tex.Sup., 224 S.W.2d 191.

The evidence discloses that plaintiff sustained an injury to his back in 1946 and was paid the sum of $50 as compensation therefor. The court submitted to the jury issue No. 22 as follows: "Do you find from a preponderance of the evidence that the injuries, if any, received by W. L. Moyer in the year 1946 did not contribute to his present incapacity, if any? Answer: 'They did not contribute,' or: 'They did contribute.'"

The jury answered such issue, "They did not contribute."

 By its second point, defendant contends that the answer of the jury to the above issue was against the overwhelming weight and preponderance of the testimony and that such answer shows manifest passion or prejudice on the part of the jury. As we view the record, the evidence is not conclusive that the prior injury sustained by plaintiff contributed to the incapacity upon which this case is based. Plaintiff testified he received an injury to his back in 1946 but that he was only off from his work for two weeks; that he had fully recovered therefrom and since that time, had been doing hard manual labor. There were several x-ray pictures portraying portions of plaintiff's back introduced in evidence. The doctors were not in agreement in their interpretation of what the x-ray pictures disclosed. The doctor who testified for plaintiff interpreted the pictures and gave his opinion that they disclosed an injury to plaintiff's back. The doctors for defendant testified that they could see no such injury. X-ray pictures taken of the back of plaintiff in 1946 after he received his first injury were introduced. There is testimony from the medical experts that there is no difference between the pictures taken in 1946 and the pictures taken after his present injury. All of this evidence merely raises an issue of fact as

**234**

to whether plaintiff's prior injury contributed to his present injury. Certainly, the evidence is not conclusive on the issue and it was one for the jury.

We find no reversible error in any of the points presented and they are accordingly overruled.

The judgment of the trial court is affirmed.