**TEXAS EMPLOYERS INSURANCE ASS'N, Appellant,**

v.

**Hubert E. JOHNSON, Appellee.**

No. 6773.

Court of Civil Appeals of Texas.

Texarkana.

Jan. 20, 1955.

Rehearing Denied Feb. 17, 1955.

Ramey, Calhoun, Brelsford & Hull, Vincent Ferrell, Tyler, for appellant.

Gallagher, Francis, Bean, Wilson & Berry, Dallas, W. D. Brown, Quitman, Williams & Akin, Henry D. Akin, Jr., Dallas, for appellee.

FANNING, Justice.

This is a workman's compensation case. Upon trial by jury, the court rendered judgment for plaintiff, Hubert E. Johnson, based upon the verdict of the jury. The defendant, Texas Employers Insurance Association, has appealed.

Appellant by Points 1, 2 and 3, contends (in essence) (1) that the trial court erred in entering judgment for plaintiff because the jury verdict, in response to special issues submitted over the objection of the defendant, found in response to Special Issue No. 7 that plaintiff's total incapacity was temporary and that the issue was so worded as to cast the burden of proof upon the defendant so that the finding of the jury that plaintiff suffered a temporary incapacity (in response to such issue as worded) will not support a judgment in favor of plaintiff; (2) that the court erred in submitting Special Issue No. 7 over the objections of appellant, etc.; (3) that the court erred in entering judgment in excess of 300 weeks because the jury's verdict contained no affirmatively worded issue (etc.) upon which a judgment for total-temporary disability could be based.

Special Issue No. 7, which was answered: "It is temporary", reads: "Do you find from a preponderance of the evidence that said total incapacity to labor, if any, is not temporary? Let the form of your answer be 'it is not temporary' or 'it is temporary.'"

The jury further found in response to Special Issues Nos. 1, 2, 3, 4, 5 and 6 that plaintiff had sustained an injury on or about October 29, 1952, which injury was accidental, was received in the course of his employment for defendant's insured, that such injury resulted in total incapacity to labor, with said incapacity for labor beginning October 29, 1952, and that such total incapacity to labor was not permanent.

Following Special Issue No. 7, as above quoted, and after a proper instruction as to the meaning of the term "temporary" the trial court gave the following instruction and Special Issue No. 8, as follows:

"If you have answered Special Issue No. 7 and have answered 'it is not temporary,' then you need not answer Special Issue No. 8, but if you have answered 'it is temporary' then answer Special Issue No. 8.

"Special Issue No. 8:

"What do you find from a preponderance of the evidence to be the period of time, if any, of such total incapacity to labor, if any? Answer in number of weeks if any."

The answer to Special Issue No. 8 was: "130 weeks."

The jury in response to other special issues properly submitted also found that plaintiff sustained permanent partial incapacity to labor to the extent of 75%. Under properly submitted and answered wage rate issues under Subsections 1 and 2 of Sec. 1 of Art. 8309, Vernon's Ann.Civ. St., the jury found the daily wage rate (under Subsec. 2) to be $15.99.

Plaintiff pleaded that he was totally and permanently disabled. Special Issue No. 7, as worded, was not primarily an issue whereby plaintiff was attempting to show that his total incapacity was temporary but to the contrary to show that his incapacity was not temporary. By its answer to Special Issue No. 6 the jury found that plaintiff's total incapacity was not permanent. After answering Special Issue No. 7 to the effect that plaintiff's total incapacity was temporary, the jury answered Special Issue No. 8 to the effect that such total incapacity would be for a period of 130 weeks.

In Maryland Casualty Co. v. Abbott, Tex.Civ.App., 148 S.W.2d 465, 469, w/dis., judg. cor., it is stated:

"The court did not submit to the jury in haec verba the issues of 'temporary' and 'permanent' total incapacity. But affirmatively, without any limitation on its right to answer the question, issue No. 10 sent to the jury 'the length of time appellee's "total incapacity" would continue.' The jury, on its construction of the evidence, could have found in answer to this question, as it did, 'For the remainder of his Life' or for any period of time short of 'the remainder of his Life.' This submission satisfied fully the principle of law announced in the Washington case, Galveston, H. & S. A. R. Co. v. Washington, 94 Tex. [510] 516, 63 S.W. 534, 538, that the jury might have given effect to 'temporary, total incapacity,' 'if it had been brought to their attention.' Appellant's substantive rights went no further than to have submitted to the jury an issue which would give it the option of finding a period of time short of 'permanent' total incapacity. Question No. 10 sent that issue to the jury."

In Safety Casualty Co. v. Teets, Tex.Civ. App., 195 S.W.2d 769, 770, error refused, it is stated: "The issue submitted by the court (issue No. 8) inquiring as to 'how long a period of time the total disability, if any, will continue,' gives the jury a fair opportunity to answer that appellee's disability was either temporary or permanent simply by stating its duration, and there is no reason requiring the trial court to again submit the identical issue couched in different language."

In a recent compensation case, Stone v. Texas Employers Ins. Ass'n, Tex., 273 S.W.2d 59, 60, it is stated:

"These rules are to be given liberal construction to the end that litigation may be conducted impartially and expeditiously resolved. Rule 1, Texas Rules of Civil Procedure. In the adoption of Rules 277 and 279 the object was to simplify the submission of cases to the jury under our special issue practice and to avoid much duplication and confusion that theretofore existed. Thus in Rule 277 a disjunctive form of submission is approved for two inconsistent issues where one or the other is necessarily true. *In Rule 279 it is provided that 'where the court has fairly submitted the controlling issues raised by such pleading and the evidence, the case shall not be reversed because of the failure to submit other and various phases or different shades of the same issue.'* * * *

"The tendency to simplify our special issue practice is a mark of progress toward the promotion and speedy disposition of litigation, particularly in this kind of a case where the award is to be made in lieu of wages lost by injury. Certainly confusion should be eliminated where the substantial right of the defendant to have his defense fairly submitted to the jury is not infringed." (Italics ours.)

In Hartford Accident & Indemnity Co. v. Harris, Tex.Civ.App., 152 S.W.2d 857, 861, error dismissed, it is stated: "The

verdict, of course, must be construed as a whole."

We overrule appellant's first, second and third points. In assition to the above authorities, see the following authorities: Texas Employers Ins. Ass'n v. Pillow, Tex.Civ.App., 268 S.W.2d 716, err. ref., n. r. e.; Texas Employers Ins. Ass'n v. Goines, Tex.Civ.App., 202 S.W.2d 487, err. ref., n. r. e.; Traders & General Ins. Co. v. Herndon, Tex.Civ.App., 95 S.W.2d 540, err. dis.; United Employers Casualty Co. v. Stewart, Tex.Civ.App., 157 S.W.2d 178, err. ref., want of merit; Texas Employers Ins. Ass'n v. Moyer, Tex.Civ.App., 236 S.W.2d 231; Southern Underwriters v. Stone, Tex.Civ.App., 144 S.W.2d 339; Traders & General Ins. Co. v. Porter, Tex. Civ.App., 124 S.W.2d 900, err. ref.

■ Appellant by points 4 to 10, inclusive, contends (in essence) that the trial court erred in permitting testimony of plaintiff and his medical witness to the effect that the injury which plaintiff received resulted in piles, hemorrhoids, obtrusion of the lower intestines between the rectum, obtrusion of the colon, or that such conditions were aggravated by such injury, etc., contending that same were not raised under plaintiff's pleadings. Paragraph III of plaintiff's petition describes plaintiff's injuries, and we quote therefrom the following portions:

"*Severely stretched, torn, wrenched bruised, lacerated, mangled, impinged and otherwise damaged and injured muscles, ligaments, nerves, tendons, blood vessels, cartilage and other tissues and attachments of the* head, shoulders, chest, *stomach,* lungs, *internal organs,* back, *hips, pelvis* and lower extremities, * * * *crushing injury to the stomach causing internal injuries resulting in loss of appetite and defects in the digestive processes causing Plaintiff to become anemic and under weight;* * * *

"That if any of said conditions existed prior to on or about October 29,

1952, which the plaintiff expressly denies, then the plaintiff says in the alternative that such pre-existing conditions were latent, dormant and nondisabling and existed without his knowledge or discomfort; that the accident on or about October 29, 1952 aggravated, aroused and made disabling these prior-existing non-disabling conditions; * * *" (Italics ours.)

Defendant answered merely by a general denial and did not level any character of special exception to plaintiff's petition. The record also reveals that defendant through its medical witness Dr. Willingham, who had examined appellee before the trial had direct knowledge that appellee had piles or hemorrhoids. Also the record reveals that there is no dispute that appellee had piles or hemorrhoids.

In Texas Employers Ins. Ass'n v. Patterson, Tex.Civ.App., 231 S.W.2d 898, 900, err. ref., it is stated that "the niceties and exactness of common-law pleadings are not required in compensation proceedings, and when an insurer is not harmed * * * it cannot complain." In Casualty Underwriters v. Flores, Tex.Civ.App., 125 S.W.2d 371, 375, err. dis., corr. judg., it is stated:

"Under the Workmen's Compensation Act pleadings are more liberally construed than common-law pleadings. It has been held that if the issue joined requires proof of facts imperfectly stated or even omitted in the petition the defect is cured by the verdict, if the facts established by proof are not challenged by the appellant. This is particularly true where demurrers and exceptions have not been urged to plaintiff's petition. In the instant case, the record does not disclose that any exceptions or demurrers were urged to appellees' pleadings." (Citing cases.)

In Texas Indemnity Ins. Co. v. Godsey, Tex.Civ.App., 143 S.W.2d 639, 642, error refused, it is stated:

"A variance between allegation and proof, if it does not mislead, is not reversible error. Allegations are sufficient if they apprise the opposite party what evidence will be produced and he will be called upon to meet it. Kleber v. Pacific Ave. Garage, Tex.Civ.App., 70 S.W.2d 812; Ware v. Shafer & Braden, 88 Tex. 44, 29 S.W. 756."

We overrule appellant's points 4 to 10, inclusive. In addition to the above authorities, see the following authorities: Traders & General Ins. Co. v. Slusser, Tex.Civ.App., 110 S.W.2d 598, error dismissed, and Bankers Lloyds v. Pollard, Tex.Civ.App., 40 S.W.2d 859, error refused.

██ We further hold that the action of the trial court in giving supplemental instructions to the jury and in retiring the jury to reconcile conflicting findings, under this record was proper procedure and does not reflect prejudicial error under these authorities: Rule 295, T.R.C.P.; Traders & General Ins. Co. v. Carlile, 138 Tex. 523, 161 S.W.2d 484; Traders & General Ins. Co. v. Collins, Tex.Civ. App., 179 S.W.2d 525, error ref., w/m; Traders & General Ins. Co. v. Gibbs, Tex. Civ.App., 229 S.W.2d 410; Texas Employers Ins. Ass'n v. Trapp, Tex.Civ.App., 258 S.W.2d 112, err. ref., n. r. e; and Rule 434, T.R.C.P. Appellant's points 11, 12 and 13 are overruled.

██ Appellant by its points 14, 15 and 16 contends (in essence) that the trial court erred in refusing to allow appellant to develop by proper interrogation whether or not Dr. Hart (a medical witness for plaintiff) admitted his guilt to a violation of the Federal Narcotics Act for which a case was pending in Federal court because an admission of guilt would have been admissible for the purpose of testing his credibility and that the trial court erred in refusing a full bill of exceptions in connection therewith, etc.

Appellant, in support of points 14, 15 and 16, in its brief, among other cases, cites the following quotation from the case of Texas N. O. R. Co. v. Parry, Tex.Com. App., 12 S.W.2d 997, 1001, to-wit:

"The rule is that where the witness had been legally charged by indictment, complaint, or information and complaint, with an offense involving moral turpitude, and has been legally convicted of such offense in a court of competent jurisdiction, or where the witness has been so legally charged with such offense, and presently admits his guilt, then such matters are admissible in evidence touching his credibility as a witness."

We will not write at length with respect to this matter as we believe points 14, 15 and 16 do not reflect prejudicial error under this record for several reasons. We think the following reasons will suffice: There were no certified copies (or copies of any kind) of the indictment, information, complaint or charge of any kind introduced in the record to show the character of offense, whether a felony or a misdemeanor, or whether it involved moral turpitude or not. The record does not reveal that Dr. Hart had ever been convicted of a felony or of an offense involving moral turpitude and there was no contention that he had been so convicted. Defendant first asked Dr. Hart if he was guilty or innocent of the "charge." Dr. Hart did not answer that question and the trial court sustained plaintiff's objection to it. It is obvious that Dr. Hart could not be compelled to answer that question under the 5th Amendment to the U. S. Constitution. Dr. Hart was never asked the question, "Dr. Hart, do you presently admit your guilt?" If he had been asked that question, he could also have legally refused to answer same if he desired to do so. We think this record clearly discloses that Dr. Hart never did presently admit (or admit in any way) his guilt to the "charge." And we think it is clearly evident in this record that Dr. Hart did not desire to presently admit guilt to the "charge." We have also carefully reviewed the record and we think it clearly shows that the able and learned trial court at no

time refused defendant the right to develop by proper interrogation or refused to permit the defendant to have the answer of Dr. Hart on properly framed questions or refused appellant a full bill of exceptions by not requiring Dr. Hart to answer admissible and properly framed questions. We think the following comment of the trial court to counsel for defendant is illustrative of his fairness in allowing counsel for defendant a full bill of exceptions, to-wit: "I am not trying to cut you off. If you want to ask some (referring to more questions to Dr. Hart), let him object to them. You might hit on one that is admissible in some way * * *" (Interpolation ours.) We overrule appellant's points 14, 15 and 16.

We have carefully considered appellant's points 17 and 18 and same are respectfully overruled.

Finding no reversible error in the record, the judgment of the trial court is accordingly affirmed.

Affirmed.