**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellant,**

**v.**

Johnnie F. EWING, Appellee.

No. 6544.

Court of Civil Appeals of Texas.

Amarillo.

Dec. 19, 1955.

Rehearing Denied Jan. 16, 1956.

Underwood, Wilson, Sutton, Heare & Boyce, Amarillo (Tom Lorance, Jr., Amarillo, of counsel), for appellant.

Merchant & Fitzjarrald, Amarillo (Edward L. Poole, Amarillo, of counsel), for appellee.

NORTHCUTT, Justice.

This is a workmen's compensation case brought by Johnnie F. Ewing against Texas Employers' Insurance Association seeking to recover for his injuries alleged to have been sustained on or about May 20, 1954 while he was working within the course of his employment for the Shamrock Oil & Gas Corporation. Plaintiff pleaded that, as a result of such injuries, he was totally and permanently disabled and prayed for compensation at the rate of $25 per week for 401 consecutive weeks. Defendant filed a general denial and further pleaded that any incapacity plaintiff may have sustained had been or would become partial rather than total and that any incapacity plaintiff may have sustained, whether total or partial, was temporary rather than permanent in its duration. The jury found that the plaintiff sustained the injury complained of in the course of his employment; that plaintiff sustained incapacity to labor as the natural result of the injury; that such injury resulted in plaintiff becoming totally incapacitated for work; that said incapacity was permanent; that plaintiff's injury did not result in his becoming partially incapacitated for work and that $66.80 should be fixed as the average weekly wage of the plaintiff based upon what seemed to be just and fair to both the plaintiff and the defendant. It was stipulated that, if plaintiff should recover, it should be paid in a lump sum. Based upon the jury findings, the court entered judgment for the plaintiff for 401 weeks at the rate of $25 per week less payments previously paid by defendant. From this judgment, the defendant has appealed.

The trial court submitted Special Issue No. 3 as follows:

"(a) Do you find, from a preponderance of the evidence, that such injury, if any, resulted in plaintiff's becoming totally incapacitated for work?

"Answer 'Yes' or 'No'.

"Answer: Yes.

"(b) If so, then what do you find, from a preponderance of the evidence to be the duration of such total incapacity? Answer by stating that said incapacity, if any, is permanent, or by stating the duration of said incapacity, if any, in the number of weeks as you may find from a preponderance of the evidence.

"Answer: Permanent.

"(c) If you have answered that the plaintiff was totally incapacitated for work, then you will state from a preponderance of the evidence on what date the total incapacity began.

"Answer by stating the date such total incapacity, if any, began.

"Answer: May 24, 1954."

Appellant complains, in his first assignment of error, that the trial court erred in submitting this issue in that manner because it subjected the defendant to the burden of proof with respect to the duration of total incapacity less than permanent. Since the allegations of total and permanent disability would authorize recovery for lesser incapacity, both as to the extent and duration; and the jury was asked if it found, from a preponderance of the evidence, such injury resulted in plaintiff becoming totally incapacitated to work; and then told the jury in determining the duration of such total incapacity of the plaintiff they would determine, from a preponderance of the evidence, whether it was permanent or for a number of weeks, we think places the burden upon the plaintiff to show the extent of the duration, permanent or for a period of weeks. The instruction set out in subdivision (b) places the preponderance or burden of the evidence as to permanent incapacity and the duration of incapacity on the same party. The appellant does not contend, by this assignment, that the burden was upon it to prove permanent but

only contends that it subjects the appellant to the burden of proof with respect to duration of total incapacity less than permanent. We are of the opinion that the contention should be overruled. The same question was raised in the case of Texas Employers' Ins. Ass'n v. Mallard, Tex.Civ. App., 192 S.W.2d 302, writ refused, N.R. E.; Texas Employers' Ins. Ass'n v. Moyer, Tex.Civ.App., 236 S.W.2d 231.

■ By appellant's second assignment of error, it complains of the closing arguments of appellee's attorney for improperly comparing the helpless condition and poverty of the plaintiff with the power and wealth of defendant and its insured; instructed and invited to answer the special issue in a manner designated to produce a particular result without regard to the evidence; contained unsworn hearsay statements of counsel outside the record; and attempted improperly to bias and prejudice the minds of the jury by improper argument. The Shamrock Oil & Gas Corporation was not a party to this suit but we are unable to find, from this record, that any reference was made as to the wealth of the appellant. Finding no harm in the argument as presented, we overrule appellant's second assignment of error.

■ By appellant's third assignment of error, it contends that the trial court materially erred in overruling appellant's motion for a new trial because of misconduct of the jury. Whether there was misconduct or not, under the evidence in this case, was a question of fact to be determined by the trial judge. We must presume the trial court found there was no misconduct of the jury. Western Cottonoil Co. v. Pinkston, Tex.Civ.App., 279 S.W.2d 150. The Commission of Appeals in Monkey Grip Rubber Co. v. Walton, 122 Tex. 185, 53 S.W.2d 770, 773, in discussing matters concerning jury misconduct stated:

"When a trial court hears the testimony of jurors on an issue of misconduct, alleged to have occurred during the jury's deliberation upon its verdict, he is accorded the same latitude in passing upon the credibility of the witnesses and of the weight to be given to their testimony as the jury had upon the trial of the original cause. If there be any inconsistencies or contradictions in the testimony of a witness upon the hearing of a motion for new trial, it rests within the sound discretion of the trial court to harmonize and reconcile such conflicts so far as possible. A juror's testimony upon such hearing may be so contradictory and inconsistent that the trial court in exercising its privilege to pass upon the credibility of the witness may be justified in disregarding his entire testimony. Carl Construction Co. v. Bain, 235 Ky. 833, 32 S.W.2d 414."

Appellant's third assignment of error is overruled.

■ By appellant's fourth assignment of error, it contends the court erred in failing to require the jury to find, as a fact, whether there occurred the particular accident claimed by the plaintiff. The appellee pleaded that on or about May 20, 1954, while he was engaged in the course of his usual and regular employment for his employer, he fell from a truck and injured his back. The court asked the question of the jury, "Do you find, from a preponderance of the evidence, that the plaintiff, Johnnie F. Ewing, sustained an injury to his back on or about May 20, 1954?" The jury answered, "Yes." That was the only injury in question although appellant contends there is a question as to appellee being injured at all. But if appellant was injured, as found by the jury, the only injury was the one inquired about. Texas Employers Ins. Ass'n v. Patterson, Tex.Civ.App., 231 S.W.2d 898, writ refused. Appellant's fourth assignment of error is overruled.

■ By appellant's fifth assignment of error, it contends the trial court materially erred in the manner of submission of the issue of plaintiff's average weekly wage. The trial court submitted the issue as follows:

"Special Issue No. 5

"What do you find, from a preponderance of the evidence, should be fixed as the average weekly wages of the plaintiff, based upon what may seem to you to be just and fair to both the plaintiff and defendant?

"Answer by stating the amount you have found in dollars and cents."

There was some testimony that appellee did not work substantially the whole of the year immediately preceding the injury and there was no testimony that he worked substantially the whole of the year. The same is true as to any employee of the same class in the same or similar employment. It is admitted, and is a part of the judgment, that appellant paid the appellee compensation for ten weeks at the rate of $25 per week. Appellant did not contend it was induced by fraud, accident or mistake or any effort to compromise to pay appellee at the weekly rate of $25. We are of the opinion this contention has been determined contrary to appellant's contention in the case of Texas Employers Ins. Ass'n v. Grimes, Tex.Civ.App., 268 S.W.2d 786, 789, writ refused, N.R.E. where it is stated:

"We have carefully searched the record and we do not find any claim of appellant that the payment by it to appellee of ten weeks compensation at the weekly rate of $22.40 (aggregating $224) was induced by fraud, accident or mistake or any effort to compromise. We think these facts would justify and authorize a recovery for appellee at the rate of $22.40 per week. Tex.Jur., vol. 45, p. 660, sec. 212; Texas Employers Ins. Ass'n v. Hamor, Tex. Civ.App., 97 S.W.2d 1041; Southern Underwriters v. Erwin, Tex.Civ.App., 134 S.W.2d 720; Traders & General Ins. Co. v. Slusser, Tex.Civ.App., 110 S.W.2d 598, error dism.; Texas Employers Ins. Ass'n v. McNorton, Tex. Civ.App., 92 S.W.2d 562, error dismissed in 132 Tex. 168, 122 S.W.2d 1043.

"Under the record in this case a compensation rate of $25 per week for appellee cannot be sustained. However appellee is entitled to lump sum judgment against appellant for total and permanent disability (401 weeks) at the rate of $22.40 per week (less 10 weeks compensation amounting to $224 paid by appellant to appellee) with the statutory interest on matured installments and less the statutory discount on the unmatured installments, and the judgment of the trial court as modified upon the basis of the weekly compensation rate of $22.40 is affirmed."

Appellant's fifth assignment of error is overruled.

Judgment of the trial court is affirmed.