**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellant,**

v.

**Willie WADE, Appellee.**

No. 6863.

Court of Civil Appeals of Texas.

Texarkana.

March 1, 1956.

Rehearing Denied March 22, 1956.

Fisher, McLaughlin & Harrison, J. D. McLaughlin, Paris, Ramey & Ramey, Sulphur Springs, for appellant.

Howard S. Smith, Sulphur Springs, Woodrow H. Edwards, Mt. Vernon, for appellee.

DAVIS, Justice.

This suit was filed by appellee-plaintiff, Willie Wade, for workmen's compensation benefits under the laws of Texas for injuries alleged to have been sustained in the course of his employment for Mack Adams and Ray Adams, d/b/a Adams Brothers, in highway construction work in Hopkins County, Texas. Appellant-defendant, Texas Employers' Insurance Ass'n, carried Workmen's Compensation Insurance for Adams Brothers. Trial was before the court without a jury and resulted in a judgment in favor of appellee for total and permanent disability and finding that appellee's average weekly wage rate was $44.77 and that his compensation rate was $25 per week. The trial court made assessment for all accrued payments prior to trial, less a credit of $149 which had previously been paid to appellee by appellant. Judgment was for a lump sum payment of $8,845.03 after deduction of credit for payments. From this judgment the Insurance Association has appealed.

Appellant brings forward two points of error. By point 1 it complains of the action of the trial court in finding that the average weekly wage of appellee was $44.77, and that his proper compensation rate was $25 per week. Under appellant's statement on the point, it seems that its chief complaint is that the evidence is insufficient to support the finding of the trial court, contending that appellee failed to discharge his duties as required by Sec. 1, Article 8309, R.C.S., Vernon's Ann.Civ.St. art. 8309, § 1, which governs in fixing the average weekly wages in such cases. Subsections 1, 2, and 3 of Sec. 1 of said Article are as follows:

"1. If the injured employee shall have worked in the employment in

which he was working at the time of the injury, whether for the same employer or not, substantially the whole of the year immediately preceding the injury, his average annual wages shall consist of three hundred times the average daily wage or salary which he shall have earned at such employment during the days when so employed.

"2. If the injured employee shall not have worked in such employment during substantially the whole of the . year, his average annual wages shall consist of three hundred times the average daily wage or salary which an employee of the same class working substantially the whole of such immediately preceding year in the same or in a similar employment in the same or neighboring place, shall have earned in such employment during the days when so employed.

"3. When by reason of the shortness of the time of the employment of the employee, or other employees engaged in the same class of work in the manner and for the length of time specified in the above Subsections 1 and 2, or other good and sufficient reasons it is impracticable to compute the average weekly wages as above defined, it shall be computed by the Board in any manner which may seem just and fair to both parties. * * *"

It is appellant's contention that testimony in the case showed that the type of work appellee was doing was classified as "common labor"; that appellee's wage rate was 75¢ per hour and that there were many "common laborers" in the vicinity where appellee sustained his injury who had worked substantially the whole of the year immediately prior to the date of the injury; and that many such "common laborers" worked for 75¢ per hour, nine hours per day, and 5½ days per week, that the trial court should have fixed the compensation rate accordingly or should have fixed the compensation rate at the minimum of $9.00 per week as was done in the case

of Robinson v. Texas Employers' Ins. Ass'n, Tex.Civ.App., 261 S.W.2d 217, error ref. In support of its contention on the sufficiency of the evidence, appellant relies upon the case of Texas Employers' Ins. Ass'n v. Hammond, Tex.Civ.App., 278 S.W.2d 503, no writ history.

The contention of appellant is not supported by the record or the authorities cited. It was admitted by one of the Adams brothers that appellee had been in the employ of Adams Brothers for a little more than two months. There is substantial evidence in the record that appellee had not worked in the same or similar employment for the whole of the year immediately preceding his injury. There is also substantial evidence in the record that appellee made an investigation himself to determine whether or not there were any other employees in the vicinity who had worked substantially the whole of a year, or 300 days, immediately preceding the date of his injury, and was unable to find any such employee. Appellee testified that he did not find or personally know of any such employee and he offered a County Commissioner who testified that he, the Commissioner, had made an investigation, and from his investigation he found no such employee and that it was his opinion that there was no such employee within the vicinity.

■ Appellee testified that he was paid 75¢ per hour for 10 hours per day, and six days per week. The defendant corroborated this testimony with the exception of the number of days per week, but enhanced the rate of pay by showing that appellee's rate of pay for overtime (all time over 40 hours per week) was $1.12½ per hour and that he had earned a total of $121.26 for overtime during his period of employment for Adams Brothers. Based upon this report, the Industrial Accident Board fixed the average weekly wage of appellee at $44.77 and compensation rate at $25 per week. The award of the Industrial Accident Board was offered in evidence, without limitation, and without any objection on the

part of the appellant. Under this state of the record, we think the requirements of subsections 1 and 2 of Sec. 1, Art. 8309, R.C.S., were competently and properly met, and that it then became the duty of the trial court to fix the compensation rate under subsection 3 of Sec. 1 of said Article.

Further, defendant offered in evidence the employer's wage statement which was filed with the Industrial Accident Board. It also proved that it had paid the appellee compensation at the rate of $50 per week for the first two weeks and $24.75 per week for four weeks, which was a figure reached by appellant as the result of its own personal investigation.

The trial court filed no findings of fact or conclusions of law and it unquestionably took into consideration the evidence offered by the appellant in fixing appellee's average weekly wage rate, as well as his compensation rate. Appellant did not contend that it was induced by fraud, accident or mistake or any effort to compromise to pay appellee compensation at the rate of $25 or $24.75 per week, neither did they so contend when they offered the employer's wage statement in evidence upon trial of the case.

We are unable to agree with appellant's theory of reasoning to the effect that there were "other common laborers" employed in the vicinity of the injury, and that the compensation rate should have been fixed accordingly. If such was the law, it would create irreconcilable confusion in trying to fix the wage rate of any class of employee in such cases because of the different rates of wages paid to different classes of employees, especially "common labor." The only case cited to us and the only one we have been able to find in point on this matter is Texas Employers' Ins. Ass'n v. Brown, Tex.Civ.App., 226 S.W.2d 233, 238, in which we find the following statement:

"*Appellant contends that, since appellee himself admitted and testified that he had been engaged in common labor for the whole of the year immediately preceding his injury, the court erred in not submitting to the jury that question and in basing appellee's wage upon that being earned by another employee.*" We do not agree with appellant in this contention. While appellee admitted and testified that the work in which he was engaged during the preceding year was common labor, yet his testimony revealed clearly that he had been engaged in farm and ranch labor. * * * The general term 'common labor' is broad in its scope. It signifies any kind of unskilled manual labor performed by the masses of working people in lines of employment necessitating no special trade, skill, or previous training. If the law required a common laborer to base his claim for injury under the Workmen's Compensation Act upon any kind of employment that could be classed as common labor, it would indeed be a rare occurrence that he could base it upon the wages of another employee under sub-section 2 of the articles above mentioned. Appellee had worked for the American Smelting & Refining Company only about 2 days when he was injured and, in our opinion, the court properly based his wages upon the earning of another employee of the same class. Since it was admitted by appellant that another employee of that class had worked for the employer more than 300 days, at a certain wage, it was not necessary to submit that question to the jury." (Emphasis ours.)

■ In view of the fact that appellant proved that compensation was paid at the rate of $25 per week for two weeks and $24.75 for four weeks, and that such payments were not induced by fraud, accident or mistake, or an effort to compromise, we think these facts coupled with the employer's wage rate filed by appellant with the Industrial Accident Board and offered in evidence upon the trial of this case would fully justify and authorize a recovery by

appellee at the rate of $25 per week. See Texas Employers' Ins. Ass'n v. Ewing, Tex.Civ.App., 285 S.W.2d 880, and authorities therein cited. Point one is overruled.

By point two appellant complains of the action of the trial court in finding that appellee suffered total and permanent disability as a result of his alleged injury. In support of this contention appellant quotes some excerpts from the testimony of Dr. Longino. This quoted testimony was given by the doctor in an effort to explain what he meant by "permanent." Elsewhere in the doctor's testimony we find the following question and answer:

"Q. At the present time the basis for saying it, you wouldn't say it?

"A. I say at this time and the foreseeable future, as far as I can see, he is totally and permanently disabled."

The evidence shows that appellee, at the time of the injury, was a man about 43 years of age and weighing about 225 pounds, had crawled under a 32,000-pound bulldozer that had been jacked up so he could get under it to make some repairs. The bulldozer was parked on pavement. Appellee was lying on his side working, and another employee started to lower the bulldozer with the jack and it slipped and the bulldozer dropped, and the part immediately above the appellee struck him and came down to not less than 10 nor more than 17 inches of the pavement. Appellee was pinned beneath the bulldozer and the pavement until the bulldozer could be jacked up again. Almost immediately after appellee was re-leased from beneath the bulldozer he was carried to a hospital in Sulphur Springs where he received treatment and was sent home. This was on June 8, 1954. He returned to the hospital for treatment at different times and was hospitalized on June 23, 1954, to July 4, 1954. After he was released from the hospital he returned a number of times for further treatment. The doctor said appellee's chief complaint was of pain in the lower back with pain radiating down his right leg and the symptoms were indicative of a ruptured disc. He has not done any work since the injury.

Appellee's testimony is that he had been under constant treatment of a doctor since the injury and had continued to suffer severe pain until and including the date of the trial. He still had to walk in a stooped position even to the date of the trial; this was verified by his wife and at least four other witnesses besides Dr. Longino. Dr. Longino testified very positively that appellee's complaints were genuine at all times from the date of the injury until the date of the trial. We think this evidence, coupled with other testimony not mentioned, is fully sufficient to support the finding of the trial court that appellee is totally and permanently disabled as a matter of fact and of law as the result of said injury. Insurance Co. of Tex. v. Anderson, Tex.Civ.App., 272 S.W.2d 772, writ ref., NRE, and authorities therein cited. Point two is overruled.

Finding no error in the record, the judgment of the trial court is affirmed.