**Juan V. GARCIA, Appellant,**

v.

**AETNA CASUALTY & SURETY COMPANY, Appellee.**

**No. 13350.**

Court of Civil Appeals of Texas.

San Antonio.

March 11, 1959.

Putman & Putman, San Antonio, for appellant.

Carl Wright Johnson, Edward P. Fahey, San Antonio, for appellee.

POPE, Justice.

Juan V. Garcia sued Aetna Casualty & Surety Company for compensation under the Workmen's Compensation Law, Vernon's Ann.Civ.St. art. 8306 et seq. He was injured in the course of his employment with Farnsworth & Chambers Co., Inc. Garcia has appealed because the court restricted him to a fifteen per cent partial incapacity instead of a twenty-five per cent partial incapacity, which employee contends the jury found, and also because the court excluded certain proof that the plaintiff had worked after the accident under the whip of necessity.

■ Garcia, the employee, alleged that he suffered total incapacity for a period of eight weeks, followed by fifteen per cent partial and permanent incapacity. The jury found that the employee suffered twenty-five per cent partial incapacity for eight weeks. The court restricted the employee to the fifteen per cent partial incapacity for the eight weeks. In our opinion, while employee pleaded fifteen per cent incapacity, he also pleaded eight weeks total incapacity. The pleading of the total incapacity for the eight-week period was broad enough to embrace the finding of twenty-five per cent partial incapacity. Southern Underwriters v. Boswell, 138 Tex. 255, 158 S.W.2d 280; Texas Employers' Ins. Ass'n v. Moyer, Tex. Civ.App., 236 S.W.2d 231; Texas Employers' Ins. Ass'n v. Mallard, Tex.Civ.App., 192 S.W.2d 302; Traders & General Ins. Co. v. Diebel, Tex.Civ.App., 188 S.W.2d 411; Texas Employers' Ins. Ass'n v. Drayton, Tex.Civ.App., 173 S.W.2d 782. Accordingly, the judgment should be reformed so that employee will recover for a twenty-five per cent incapacity for a period of eight weeks instead of a fifteen per cent incapacity. The judgment is reformed so that employee will recover $127.20 plus interest.

■ Employee's other point complains that the court refused to permit him to explain that he had performed work after the accident by force of economic necessity. In Muro v. Houston Fire and Casualty Insurance Co., Tex.Civ.App., 310 S.W.2d 420, this Court held that when a defendant admits hardship with respect to the lump sum payment of compensation, but then proves the nature and extent of the plaintiff's employment after the accident, the plaintiff may explain that he worked by force of economic necessity. We fail to see how the employee was injured in this case, however. When we compare the evidence which was presented to the jury with that developed in the bill of exception, it appears that the em-

ployee actually proved the material matters included in the bill. Employee was permitted to prove that he and his wife had nine children between the ages of eighteen months and eighteen years, that seven of them were in school, and that his wife did not work. Employee had testified about the nature of his work from his childhood to the present. During that time he had worked as a cotton picker, a latrine orderly at the CCC camp, and as a common laborer. After the injury, he variously worked as a laborer, a journeyman carpenter and a worker in the onion fields. If the employee had testified that he worked because he needed the money for his family, he would have added little to the knowledge of the jury, who seeing his circumstances surely must have been able to deduce as much, without the party saying so. In our opinion, the exclusion of the matter included in the bill of exception kept little, if anything, from the jury, and it was harmless.

The judgment is reformed and affirmed. Costs are adjudged against the appellee.